**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 8 2008

CLERK U.S. DISTRICT COURT
By
Deputy

| | | |
|---|---|---|
| STORMY MAGIERA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | Civil Action No: _____ |
| CITY OF DALLAS, | § | |
| Defendant. | § | **3-08CV1023-G** |

22832

## DEFENDANT CITY OF DALLAS' NOTICE OF REMOVAL

The City of Dallas is the defendant in a civil action brought on September 15, 2006, in the 95th Judicial District Court, Dallas County, Texas. Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, the City hereby removes this case to the Unites States District Court for the Northern District of Texas, Dallas Division, which is the judicial district and division in which the action is pending. In support thereof, the City respectfully presents the following:

1. **Background Facts**

This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction because it arises under the laws of the United States within the meaning of 28 U.S.C. §1331. Specifically, Plaintiff Stormy Magiera ("Magiera") seeks relief for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, codified in 42 U.S.C. 2000e, *et seq*. ("Title VII").

CITY'S NOTICE OF REMOVAL

This Notice is timely under 28 U.S.C. §1446(b) because it is filed within 30 days of the City's receipt of Magiera's Third Amended Petition filed on May 21, 2008, in which Magiera for the first time seeks redress and protection for perceived violations of Title VII.  Pursuant to 28 U.S.C. §1446(a), the City attaches to this Notice, and incorporates by reference, copies of all process, pleadings and orders (exclusive of discovery) served on it prior to its removal of this action.

2.    **Argument and Authorities**

28 U.S.C. §1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441 (West 1993).  In this case, Magiera's suit may be removed to Federal court because Magiera asserts claims or rights arising under the laws of the United States, making this case removable without regard to citizenship or residence of the parties or amount in controversy.

3.    **Conclusion**

The City respectfully removes this case from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.



Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS

JENNIFER CARTER HUGGARD
Assistant City Attorney
Texas State Bar No. 00792998 ✓
JANICE S. MOSS
Assistant City Attorney
Texas State Bar No. 14586050 ✓
City Hall 7CN
1500 Marilla Street
Dallas, Texas 75201
Tel. (214) 670-5622
Fax (214) 670-0622

## CERTIFICATE OF SERVICE

On June 18, 2008, a copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure, on the following:

Mr. William J. Dunleavy
8140 Walnut Hill Lane
One Glen Lakes, Suite 950
Dallas, Texas 75231

JENNIFER CARTER HUGGARD

---

CITY'S NOTICE OF REMOVAL

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-06-09743

| | | |
|---|---|---|
| STORMY MAGIERA<br>vs.<br>CITY OF DALLAS TEXAS | § <br> § <br> § <br> § | Location: **95th District Court**<br>Judicial Officer: **JOHNSON, KAREN**<br>Filed on: **09/15/2006** |

---

### CASE INFORMATION

Case Type: **EMPLOYMENT**
Sub Type: **EMPLOYMENT DISCRIMINATION**

---

### PARTY INFORMATION

| | | *Lead Attorneys* | |
|---|---|---|---|
| **PLAINTIFF** | MAGIERA, STORMY L | **DUNLEAVY, WILLIAM J**<br>*Retained* | 972-247-9200 |
| **DEFENDANT** | CITY OF DALLAS TEXAS | **WISE, KATHERINE**<br>*Retained* | 214-671-9569 |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/15/2006 | ORIGINAL PETITION (OCA) | |
| 09/15/2006 | ISSUE CITATION | |
| 09/18/2006 | **CITATION**<br>CITY OF DALLAS TEXAS        unserved | |
| 11/10/2006 | ISSUE CITATION | |
| 11/13/2006 | **CITATION**<br>CITY OF DALLAS TEXAS        served  11/14/2006 | |
| 12/08/2006 | ORIGINAL ANSWER - DEFENDANT<br>*CITY OF DALLAS* | |
| 01/09/2007 | NOTE - ADMINISTRATOR<br>*UNIFORM SCHEDULING ORDER MAILED ALL PARTIES* | |
| 01/09/2007 | NOTE - ADMINISTRATOR<br>*NOTICE NON JURY TRIAL 11-26-2007 MAILED ALL PARTIES* | |
| 01/09/2007 | SCHEDULING ORDER | *Vol./Book 394D,*<br>*Page176, 2*<br>*pages* |
| 01/18/2007 | **Special Exceptions** (1:30 PM) (Judicial Officer: MCFARLIN, SHERYL) | |
| 02/08/2007 | AMENDED PETITION<br>Party: PLAINTIFF MAGIERA, STORMY L<br>*AND REQUEST FOR DISCLOSURE* | |
| 02/12/2007 | AMENDED ANSWER - AMENDED GENERAL DENIAL<br>Party: DEFENDANT CITY OF DALLAS TEXAS<br>*FIRST* | |
| 02/22/2007 | **Special Exceptions** (1:30 PM) (Judicial Officer: MCFARLIN, SHERYL) | |
| 07/25/2007 | MOTION - MISCELLANOUS | |

*Printed on 06/04/2008 at 10:34 AM*

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-06-09743

|            |                                                                                 |                                      |
|------------|---------------------------------------------------------------------------------|--------------------------------------|
|            | Party: DEFENDANT CITY OF DALLAS TEXAS<br>*UNOPPOSED M/AMEND THE COURTS UNIFORM SCHEDULING ORDER* | |
| 08/03/2007 | CERTIFICATE OF DEPOSITION<br>*SUSAN KATHERINE LASH*                              |                                      |
| 08/03/2007 | CERTIFICATE OF DEPOSITION<br>*DEBORAH ANN BRANTON*                               |                                      |
| 08/29/2007 | NOTE - ADMINISTRATOR<br>*NOTICE RESET NON JURY TRIAL TO 3-31-2008 MAILED ALL PARTIES* | |
| 08/29/2007 | **Motion - Vacate** (10:00 AM) (Judicial Officer: JOHNSON, KAREN)<br>*MEDIATION* | |
| 09/28/2007 | CERTIFICATE OF DEPOSITION<br>*MICHAEL MAGIERA*                                   |                                      |
| 09/28/2007 | CERTIFICATE OF DEPOSITION<br>*STORMY MAGIERA*                                    |                                      |
| 10/17/2007 | CERTIFICATE OF DEPOSITION<br>*LT PAUL SO THAI*                                   |                                      |
| 11/26/2007 | *CANCELED* **Non Jury Trial**<br>*CASE TRIAL RESET*                              |                                      |
| 11/26/2007 | ORDER - MISC.<br><br>*O/SETTLEMENT WEEK*                                         | *Vol./Book 404D,*<br>*Page276, 1*<br>*pages* |
| 01/11/2008 | MOTION - CONTINUANCE<br>Party: DEFENDANT CITY OF DALLAS TEXAS<br>*UNOPPOSED*     |                                      |
| 01/14/2008 | NOTE - ADMINISTRATOR<br>*ORDER CONTINUE NON JURY TRIAL TO 7-7-2008 SIGNED; COPIES MAILED ALL PARTIES* | |
| 01/14/2008 | ORDER - GRANTING CONTINUANCE                                                     | *Vol./Book 405d,*<br>*Page20, 2 pages* |
| 01/16/2008 | CERTIFICATE OF DEPOSITION<br>*ANYA ELLEN MURPHY*                                 |                                      |
| 01/16/2008 | CERTIFICATE OF DEPOSITION<br>*ROBERT ROLLA MCCALL JR.*                           |                                      |
| 01/16/2008 | CERTIFICATE OF DEPOSITION<br>*DEBORAH KAY WHITE*                                 |                                      |
| 01/16/2008 | CERTIFICATE OF DEPOSITION<br>*RANDY SUNDQUIST*                                   |                                      |
| 01/16/2008 | CERTIFICATE OF DEPOSITION<br>*KEVIN LYNN HARRIS*                                 |                                      |
| 01/16/2008 | CERTIFICATE OF DEPOSITION<br>*JOHNSEY THERON VANN*                              |                                      |

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-06-09743

| | |
|---|---|
| 01/16/2008 | CERTIFICATE OF DEPOSITION<br>*RICHARD JOHN FORNESS* |
| 01/16/2008 | CERTIFICATE OF DEPOSITION<br>*BRUCE NEAL BRYANT* |
| 01/16/2008 | CERTIFICATE OF DEPOSITION<br>*ANN JEANETTA JACKSON* |
| 01/16/2008 | CERTIFICATE OF DEPOSITION<br>*BREANNA LYNN VALENTINE* |
| 01/18/2008 | CERTIFICATE OF DEPOSITION<br>*DAVID CARL JAKABOSKI* |
| 03/14/2008 | AMENDED ANSWER - AMENDED GENERAL DENIAL<br>Party: DEFENDANT CITY OF DALLAS TEXAS<br>*2ND* |
| 03/31/2008 | *CANCELED* **Non Jury Trial**<br>*CASE TRIAL RESET* |
| 04/21/2008 | AMENDED ANSWER - AMENDED GENERAL DENIAL<br>Party: DEFENDANT CITY OF DALLAS TEXAS<br>*3RD* |
| 06/02/2008 | AMENDED ANSWER - AMENDED GENERAL DENIAL<br>Party: DEFENDANT CITY OF DALLAS TEXAS<br>*4TH-CITY OF DALLAS* |
| 07/07/2008 | **Non Jury Trial (8:30 AM)**  (Judicial Officer: JOHNSON, KAREN) |

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **PLAINTIFF  MAGIERA, STORMY L**<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of  6/4/2008** | | 233.00<br>233.00<br>**0.00** |
| 09/15/2006 | Charge | PLAINTIFF MAGIERA, STORMY L | 217.00 |
| 09/15/2006 | Charge | PLAINTIFF MAGIERA, STORMY L | 8.00 |
| 09/15/2006 | PAYMENT      Receipt # 55946-2006-DCLK<br>(CASE FEES) | PLAINTIFF MAGIERA, STORMY L | (225.00) |
| 11/10/2006 | Charge | PLAINTIFF MAGIERA, STORMY L | 8.00 |
| 11/10/2006 | PAYMENT      Receipt # 67248-2006-DCLK<br>(CASE FEES) | PLAINTIFF MAGIERA, STORMY L | (8.00) |

*Printed on 06/04/2008 at 10:34 AM*

*LEVEL 4*

## JUDGE'S DOCKET,

| Action: | Filing: | No. |
|---|---|---|

**DC – 06 – 09743**
Filed: 09/15/2006

| EMPLOYMENT | 95th District Court |
|---|---|
| STORMY MAGIERA vs. CITY OF DALLAS TEXAS | |
| **Plaintiff**<br>MAGIERA, STORMY | **Lead Attorney**<br>DUNLEAVY, WILLIA<br>LF |
| **Defendant**<br>CITY OF DALLAS T | **Lead Attorney** |

**ATTORNEYS:**

LF
William J. Dunleavy 00787404
1038 Elm St.
Carrollton, TX. 75006
9) 247-9200
9) 247-9201 FAX

12-8-06   Kathrine J. Wiel 24044581
City Hall 7DN
1800 Marilla St.
Dallas, TX. 75201
214) 671-9869
214) 670-0622 FAX

| JURY DEMAND | | | | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE PAID BY | VOL. | PAGE | | 1-9-07 | | Mediator Kathy Ferasoli | | | | | 214-528-1411 | | |
| **REPORTED HEARING** | | | | 1-9-07 | | Uni form Scheduling Order | | | | | mailed All parties | | |
| DATE | WIT. | EX. | RPTR | 1-9-07 | | NST Notc | 11-26-07 | | mailed All parties | | | | |
| | | | | 8-29-07 | | NST reset | 3-31-08 | | NSTC mailed All parties | | | | |
| | | | | 1-14-08 | | NST reset | 7-7-08; | | A/o Continuance mailed All parties | | | | |

D I S P O S I T I O N
- To fed court ☐
- To another county ☐
- D.W.P. ☐
- Nonsuit ☐
- Default ☐
- Agreed Jgt ☐
- Summary Jgt ☐
- Ex parte Jgt ☐
- Nonjury trial ☐
- Jgt on verdict ☐
- Dir verd or NOV ☐
- Other disposition ☐

J U R Y A C T I V Y
- Voir dire _____
- Jury sworn _____
- Ev to jury _____
- Mistrial _____
- Hung jury _____
- Dir verd _____

| DATE | |
|------|--|
| 1-4-07 | Uniform Scheduling Order 394 D17 6      Copy All P |
| 1/18/07 | hearing on D's sp. Exceptions cancelled per Clerk McPhail |
| 8/29/07 | Hearing on D's M/Amend Ct's USO – denied to the |
| | cost. & that case shall be placed on Dec 10, 2007 |
| | Settlemt week at no cost to the litigants however. |
| | the Ct grants & sets aside order designating K Fraget |
| | as default mediator; (c) case to be work by |
| | agreement of all counsel; (d) 404 D 276. |
| 11/26/07 | O/ Settlement Week      404 D 276 |
| | |
| 1-14-08 | A/o Continuance      40 D 30      Copy All |

CAUSE NO. _____

| | | |
|---|---|---|
| STORMY L. MAGIERA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | **FILED** |
| | § | 2006 SEP 15 PM 4:17 |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | JIM HAMLIN |
| CITY OF DALLAS, TEXAS | § | DISTRICT CLERK |
| | § | DALLAS TEXAS |
| Defendant. | | DEPUTY |

**D-95th** JUDICIAL DISTRICT

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Stormy L. Magiera ("Plaintiff") complains of the City of Dallas, Texas and shows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiff affirmatively pleads that she seeks monetary relief of more than $50,000.00, and requests that the Court enter a Discovery Control Plan and place this case in Track III.

### II.

### PARTIES

A.  Plaintiff Stormy L. Magiera resides in Dallas County, Texas.

B.  Defendant City of Dallas, Texas ("the City") is a municipality and service of process may be accomplished by serving the City Secretary at Dallas City Hall, 1500 Marilla Street, Dallas, Texas.

### III.

### PLAINTIFF'S ALLEGATIONS OF FACT

A.  Plaintiff was employed by the City during all times relevant to the claims made the

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - Page 1**
MAGIERAORIGINALPETITION.wpd

basis of this lawsuit.

B.     In the course of her employment with Defendant, Plaintiff was discriminated against based upon her gender (female) and in retaliation for complaining about the illegal discrimination she was subjected to.

C.     Between May 22, 2005 and the present, after making complaints about derogatory and discriminatory comments and conduct she was subjected to, Plaintiff was repeatedly retaliated against by her supervisors and co-workers Plaintiff denied the protections of Texas law prohibiting such discrimination.

D.     On May 22, 2005, while performing her job duties as a City of Dallas police officer, Plaintiff was subjected to sexual harassment and other sexually discriminatory conduct when a higher ranking City of Dallas police officer, Sergeant Ingram, made references to Plaintiff as "darling" and physically touched Plaintiff's person inappropriately and without Plaintiff's consent.

E.     After Sergeant Ingram's improper and offensive conduct, Plaintiff complained through her chain of command and she was subjected to retaliation and adverse employment actions, including being sent off work on sick time, being denied overtime opportunities, being recommended for disciplinary action and suffering lost income.

F.     Plaintiff continues to suffer retaliation and she has been and continues to be subjected to a hostile work environment.

G.     Plaintiff has filed a charge of discrimination.

H.     Plaintiff has been issued a right to sue letter.

I.     Plaintiff continues to be harassed by Defendant and denied employment opportunities.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - Page 2**
MAGIERAORIGINALPETITION.wpd

J.     Plaintiff was denied employment opportunities and suffered lost wages and benefits in the past due to Defendant's actions and omissions, including the acts and omissions of Defendant's agents and employees.  Such lost wages and benefits may continue in the future.

K.     Plaintiff suffered mental anguish and emotional distress in the past due to Defendant's actions and omissions, including the acts and omissions of Defendant's agents and employees.  Such mental anguish and emotional distress may continue in the future.

L.     Plaintiff also seeks her attorney's fees in pursuing her claims as permitted by law.

IV.

## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks an award of interest in accordance with Texas Finance Code §304.001 *et seq.*

V.

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial in this matter.

VI

## **PLAINTIFFS' REQUEST FOR DISCLOSURE**

Plaintiff requests Defendant's disclosures under TEX. R. CIV. P. 194 by service at 1038 Elm Street, Carrollton, Texas 75006, not later than fifty (50) days after service of this Request.

WHEREFORE, Plaintiff Stormy L. Magiera requests Defendant City of Dallas, Texas be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant for actual damages, reasonable and necessary attorney's fees, pre-judgment and post-judgment interest,

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - Page 3**
MAGIERAORIGINALPETITION.wpd

costs of suit and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.

William J. Dunleavy
State Bar No. 00787404
1038 Elm Street
Carrollton, Texas 75006
Telephone No. 972/247-9200
Telecopier No. 972/247-9201

ATTORNEY FOR PLAINTIFF

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - Page 4**
MAGIERAORIGINALPETITION.wpd



# DALLAS COUNTY CIVIL DISTRICT COURT COVER SHEET

**STYLED** _Stormy L. Magiera_ v. _City of Dallas, Texas_

2006 SEP 15 PM 4: 17

This Civil Cover Sheet must be completed, filed and served with every petition. The information should be the best available at the time of filing, understanding that the information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial. Check (✔) all applicable boxes.

| Plaintiff(s) | Defendant(s) (list separately) |
|---|---|
| ☐ Pro Se | City of Dallas, Texas |
| Address | |
| Telephone/Fax | |
| E-mail | |
| ☒ Attorney for Plaintiff(s)  William J. Dunleavy | |
| State Bar No.  00787404 | |
| Address  1038 S. Elm Street | |
| Carrollton, TX 75006 | |
| Telephone/Fax  972/247-9200 | |
| E-mail  972/247-9201 | |

## PARTIES *MUST* CHECK ONE CASE TYPE AND MAY CHECK ONE SUB-TOPIC

- ☐ Administrative Appeal
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Code Violations
- ☐ Condemnation
- ☐ Construction
- ☐ Debt/Contract
- ☐ Defamation
- ☐ Other Commercial Dispute
  - ☐ Antitrust/Unfair Comp
  - ☐ Consumer/DTPA
  - ☐ Franchise
  - ☐ Fraud/Misrep
  - ☐ Intellectual Property
  - ☐ Non-Compete
  - ☐ Partnership
  - ☐ Securities/Stock
  - ☐ Tortious Interference
  - ○ Other Commercial
- ☐ Discipline
- ☐ Discovery
  - ☐ Rule 202 Depositions
  - ☐ Commissions
  - ☐ Subpoena
  - ☐ Letters Rogatory
  - ○ Other Discovery
- ☐ Employment
  - ☐ Discrimination
  - ☐ Retaliation

- ☐ Termination
- ○ Other Employment
- ☐ Foreclosure
  - ☐ R 736
  - ☐ Other than R 736
- ☐ Foreign Judgment
- ☐ Insurance
- ☐ Mass Tort/MDL/Rule 11
  - ☐ Asbestos
  - ☐ Baycol
  - ☐ Breast Implant
  - ☐ Firestone
  - ☐ Phen-Fen
  - ☐ Silica
  - ○ Other Multi-Party
- ☐ Motor Vehicle Accident
- ☐ Other Personal Injury
  - ☐ Assault/Battery
  - ☐ Product
  - ☐ Premises
  - ☐ Other Personal Injury
- ☐ Name Change
- ☐ Post-Judgment
- ☐ Professional Liability
  - ☐ Accounting
  - ☐ Legal
  - ☐ Med/Mal
  - ☐ Other Prof. Liab.
- ☐ Property

- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass/Try Title
- ○ Other Property
- ☐ Prejudgment Remedy
- ☐ Seizure/Forfeiture
- ☐ Tax
  - ☐ Tax Appraisal
  - ☐ Tax Delinquency
  - ☐ Tax Land Bank
  - ☐ Tax Personal
  - ☐ Tax Real
- ☐ Workers Comp
- ☐ Other

**ADDITIONAL SUB-TOPICS**
- ☐ Attachment
- ☐ Bill of Discovery
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Receiver
- ☐ Sequestration
- ☐ Severance
- ☐ TRO/Injunction
- ☐ Turnover

---

### DISCOVERY LEVEL    ☐ Level 1    ☐ Level 2    XX Level 3

### Local Rule 1.08 Certification (Must be completed and signed)

☒ This case is not subject to transfer pursuant to Local Rule 1.07, OR

☐ This case is related to another case filed or disposed of in Dallas County:

Court: _____ Style: _____

Case No. _____

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

**CITATION**

No. : **DC-06-09743-D**

**STORMY MAGIERA**

**vs.**

**CITY OF DALLAS TEXAS**

**ISSUED**
**on this the 13th day of November, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **EDITH CIUCCIO**, Deputy

Attorney for Plaintiff
**WILLIAM J DUNLEAVY**
**1038 ELM STREET**
**CARROLLTON      TX   75006**
972-247-9200

**ATTY**

**To:**
CITY OF DALLAS TEXAS
BY SERVING THE CITY SECRETARY
DALLAS CITY HALL
1500 MARILLA STREET
DALLAS, TX 00000

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.
Said Plaintiff being **STORMY L. MAGIERA**

Filed in said Court **on this the 15th day of September, 2006** against

**CITY OF DALLAS TEXAS**

For suit, said suit being numbered **DC-06-09743-D**, the nature of which demand is as follows:
Suit On EMPLOYMENT etc. as shown on said petition **DISCOVERIES ATTACHED**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **13th day of November, 2006**

**ATTEST: JIM HAMLIN**
Clerk of the District Courts of Dallas, County, Texas

By _____
  *Edith Ciuccio*
  **EDITH CIUCCIO** _____, Deputy

RECEIVED
CITY SECRETARY
DALLAS TEXAS

# FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**To:**
**CITY OF DALLAS TEXAS**
**BY SERVING THE CITY SECRETARY**
**DALLAS CITY HALL**
**1500 MARILLA STREET**
**DALLAS, TX 00000**

RECEIVED

2006 MAY 1 0 AM 10: 41

CITY SECRETARY
DALLAS, TEXAS

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **STORMY L. MAGIERA**

Filed in said Court **on this the 15th day of September, 2006** against

# CITY OF DALLAS TEXAS

For suit, said suit being numbered **DC-06-09743-D**, the nature of which demand is as follows:
Suit On **EMPLOYMENT** etc. as shown on said petition **DISCOVERIES ATTACHED**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**WITNESS: JIM HAMLIN,** Clerk of the District Courts of Dallas, County Texas.

Given under my name and the Seal of said Court at office on this **13th day of November, 2006**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas, County, Texas

By _Edith Ciuccio_

**EDITH CIUCCIO**

_____, Deputy

---

ON ___ RECEIVED ____ 10:00 Am
TIME
GRANDSTAFF ARMY PROCESS
DALLAS COUNTY, TEXAS

# CITATION

No.: **DC-06-09743-D**

**STORMY MAGIERA**
**vs.**
**CITY OF DALLAS TEXAS**

**ISSUED**
**on this the 13th day of November, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **EDITH CIUCCIO,** Deputy

Attorney for Plaintiff
**WILLIAM J DUNLEAVY**
**1038 ELM STREET**
**CARROLLTON         TX   75006**
972-247-9200

DALLAS COUNTY CONSTABLE
FEES
PAID          FEES NOT
PAID

# OFFICER'S RETURN

Came to hand on the _____ 14th _____ day of _____ November _____, 20 06 _____, at 10:00 _____ o'clock _____ A. _____ .M. Executed

at _____ 1500 Marilla St. _____, within the County of _____ Dallas _____ at _____ 10:41 _____ o'clock

A. _____ .M. on the _____ 14th _____ day of _____ November _____, 20 _____ 06 _____, by delivering to the within

named

City of Dallas, Texas, by delivering to the City Secretary

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

Grandstaff Civil Process Co.

For serving Citation    $    60.00

For mileage             $         of _____ Dallas _____ County, _____ Texas

For Notary TOTAL        $    60.00  Pd.    By _____ SC000000532    ~~Deputy~~

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ Charles Grandstaff _____ before me this _____ 14th _____ day of _____ November _____, 20 _____ 06 _____,

to certify which witness my hand and seal of office.



_____
Notary Public   Dallas   County Texas

ANITA G. WILLIAMS
MY COMMISSION EXPIRES
May 23, 2009

## CAUSE NO. DC-06-09743-D

| | | |
|---|---|---|
| STORMY MAGIERA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 95th JUDICIAL DISTRICT |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant City of Dallas, Texas, and files this its Original Answer, Special Exceptions, and Affirmative Defenses in response to Plaintiff's Original Petition, and respectfully shows the Court the following:

### I. SPECIAL EXCEPTIONS

1.     Defendant specially excepts to Plaintiff's Original Petition because it fails to state a cause of action. Although the Original Petition appears to assert a cause of action for employment discrimination and retaliation, the pleading fails to state a legally cognizable cause of action because it does not identify any basis in federal or state law for the claim. Plaintiff simply alleges that she "was discriminated against based upon her gender (female) and in retaliation for complaining about the illegal discrimination she was subjected to." Plaintiff's Original Petition, Section III, ¶ B. Plaintiff does not indicate whether or not she is filing her claim pursuant to Title VII, Chapter 21 of the Texas Labor Code, or any other state or federal law. Defendant requests that the Court make an order sustaining this special exception, requiring Plaintiff to amend the petition to state a cause of action, and providing that, if Plaintiff fails or refuses to amend, the action will be dismissed.

2.     Defendant further specially excepts to Plaintiff's Original Petition because by failing to state a cause of action, Plaintiff has failed to affirmatively demonstrate the Court's jurisdiction to hear the lawsuit under a statute that waives the City of Dallas' governmental immunity from suit.  The City of Dallas is a municipal corporation organized and existing as a political subdivision and a unit of government of the State of Texas, and as a home-rule city under the Home-Rule Amendment of the constitution of the State of Texas and the Texas Revised Civil Statutes Annotated, Article 1175.  As a municipal corporation, the City of Dallas enjoys immunity from suit and liability absent a legislative waiver of that immunity.  Plaintiff has failed to plead any basis for a waiver of Defendant's immunity from suit or liability. Defendant requests that the Court make an order sustaining this special exception, requiring Plaintiff to amend the petition to identify the basis for the statutory waiver of the City of Dallas' immunity from suit and liability, and providing that, if Plaintiff fails or refuses to amend, the action will be dismissed.

3.     Defendant further specially excepts to Plaintiff's Original Petition because it fails to establish that Plaintiff has complied with all applicable statutes of limitation and exhausted all applicable administrative remedies, such as timely filing a complaint with the Texas Commission on Human Rights and/or the Equal Employment Opportunity Commission.  Defendant requests that the Court make an order sustaining the special exception, requiring Plaintiff to amend the petition to establish that all applicable statutes of limitation have been complied with and all applicable administrative remedies have been exhausted, and providing that, if Plaintiff fails or refuses to amend, the action will be dismissed.

4.     Defendant reserves the right to request removal of this lawsuit to federal court if and when Plaintiff amends her petition to identify a federal cause of action.

## II. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies generally each and every allegation contained within Plaintiff's Original Petition, and demands strict proof thereof by a preponderance of the evidence.

## III. AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

1.     Defendant affirmatively invokes the defense of governmental immunity and would show that the City of Dallas is a municipal corporation organized and existing as a political subdivision and a unit of government of the State of Texas, and as a home-rule city under the Home-Rule Amendment to the Constitution of the State of Texas and the provisions applicable to the Home-Rule Municipalities as set forth in the Local Government Code of the State of Texas.

2.     Defendant affirmatively pleads that Section 101.057(2) of the Texas Tort Claims Act bars recovery against the Defendant for any intentional torts committed by its officers, agents and employees.

3.     To the extent that Plaintiff alleges any negligent acts or omissions on the part of Defendant, Defendant affirmatively pleads that the immunity of Defendant for the negligent acts or omissions of its officers, agents, and/or employees acting in the course and scope of their employment, is waived only to the extent set forth in the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code, §101.001, *et. seq.*  In the unlikely event Plaintiff can prove a cause of action against Defendant, Plaintiff's monetary recovery will be governed by the limits set forth therein.

4.     Defendant affirmatively pleads that on all occasions in question its employees, representatives, and agents acted in good faith within the scope of their discretionary authority.

5.     Defendant affirmatively pleads that on all occasions in question its employees, representatives, and agents did not violate any clearly established law of which a reasonable person would have known.

6.     Defendant affirmatively pleads that no act or omission on its part or on the part of its employees proximately caused Plaintiff's alleged damages, if any.

7.     To the extent that Plaintiff's cause of action falls outside the applicable statute of limitations, Defendant affirmatively pleads such statute of limitations.

8.     Defendant affirmatively pleads it is not liable to the extent that Plaintiff has failed to mitigate her alleged damages, if any.

9.     Defendant affirmatively pleads that on all occasions in question, its employees acted without malice and without intent to deprive Plaintiff of any legally protected rights.

10.     Defendant affirmatively pleads that punitive and exemplary damages are not recoverable against a municipality under state law. Defendant affirmatively pleads that in the unlikely event Plaintiff can prove punitive and exemplary damages against Defendant, then Plaintiff's monetary recovery would be governed by the limits set forth by Texas Civil Practice and Remedies Code §41.001, *et. seq.*

### III.  OTHER DEFENSES

1.     To the extent Plaintiff has failed to exhaust all administrative remedies, Defendant affirmatively pleads that Plaintiff has failed to meet the prerequisites and conditions precedent for filing this civil action.

### IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant City of Dallas, Texas, prays that Plaintiff takes nothing by this suit, that all relief requested by Plaintiff be denied.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS


_____
KATHERINE J. WISE
Assistant City Attorney
Texas State Bar No. 24044581
JANICE S. MOSS
Assistant City Attorney
Texas State Bar No. 14586050
City Hall 7DN
1500 Marilla Street
Dallas, Texas  75201
Tel.  (214) 671-9569
Fax  (214) 670-0622


## CERTIFICATE OF CONFERENCE

I, the undersigned attorney, hereby certify to the Court that I have conferred with opposing counsel in an effort to resolve the issues contained in this motion without the necessity of Court intervention, and opposing counsel has indicated that he does not have a position with regard to this motion at this time, but he will confer with his client.

Certified to on the 7th day of December 2006.


_____
KATHERINE J. WISE


## CERTIFICATE OF SERVICE

On December 8, 2006, a copy of the foregoing document was provided via certified mail, return receipt requested to the following:

Mr. William J. Dunleavy
1038 S. Elm Street
Carrollton, Texas 75006


_____
KATHERINE J. WISE



RECEIVED

CAO JAN 1 6 2007

BY: A. Slagle

95TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

1/9/2007

WILLIAM J DUNLEAVY – COUNSEL FOR PLAINTIFF
1038 ELM ST
CARROLLTON TX 75006

KATHERINE WISE – COUNSEL FOR DEFENDANT
CITY ATTORNEYS OFFICE
1500 MARILLA 7CN
DALLAS  TX 75201

RE:  DC-06-09743
STORMY MAGIERA vs.CITY OF DALLAS TEXAS

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

**NON-JURY TRIAL:**    **11/26/2007 @ 8:00 AM**

TRIAL ANNOUNCEMENTS MUST BE MADE IN ACCORDANCE WITH RULE 3.02, LOCAL RULES OF
THE CIVIL COURT OF DALLAS COUNTY, TEXAS.

WHEN NO ANNOUNCEMENT IS MADE FOR DEFENDANT, DEFENDANT WILL BE PRESUMED
READY.  IF PLAINTIFF FAILS TO ANNOUNCE OR TO APPEAR AT TRIAL, THE CASE WILL BE
DISMISSED FOR WANT OF PROSECUTION IN ACCORDANCE WITH RULE 165a, TEXAS RULES OF
CIVIL PROCEDURE.

COMPLETION OF DISCOVERY, PRESENTATION OF PRETRIAL MOTIONS AND OTHER MATTERS
RELATING TO PREPARATION FOR TRIAL ARE GOVERNED BY THE TEXAS RULES OF CIVIL
PROCEDURE.

PLEASE FORWARD A COPY OF THIS NOTICE TO COUNSEL OF RECORD FOR EACH PARTY AND
ALL PRO SE PARTIES BY A METHOD APPROVED IN TEXAS RULES OF CIVIL PROCEDURE 21a.

SINCERELY,

PRESIDING JUDGE
95th District Court
DALLAS COUNTY, TEXAS

Cc:
KATHY FRAGNOLI – MEDIATOR
4514 COLE AVE., STE. 1450
DALLAS TX 75205

CAUSE NO. DC-06-09743

RECEIVED
JAN 1 6 2007
CAO
BY: a. Slagle

**STORMY MAGIERA**

vs.

**CITY OF DALLAS TEXAS**

In the District Court
Dallas County, Texas
95th District Court

## UNIFORM SCHEDULING ORDER (LEVEL 1 OR 2)
### (Revised June 1, 2001)

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause.

1.     This case will be ready and is set for **NON JURY TRIAL** on **November 26, 2007** at 8:00 AM. (the "Initial Trial Setting"). Reset or continuance of the Initial Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order. If not reached as set, the case may be carried to the next week.

2.     Unless otherwise ordered, discovery in this case will be controlled by:

( )     Rule 190.2 (Level 1)

( X )     Rule 190.3 (Level 2)

of the Texas Rules of Civil Procedure. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

3.     Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.     Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period. Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except with leave of court, TRCP 166a(c) motions must be heard no later than thirty (30) days before trial.

5.     No additional parties may be joined more than five (5) months after the commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.　　　The parties shall mediate this case no later than thirty (30) days before the Initial Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the Standing Dallas County Civil District Court Order Regarding Mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation.

( X )　　The mediator may be selected by agreement of all parties; if one cannot be agreed upon within ninety (90) days **KATHY FRAGNOLI 214-528-1411** is hereby appointed mediator. The parties must advise both the Court and the aforementioned mediator in writing of any agreed mediator within ninety (90) days of the date this Order is signed. Any mediator substitution requested beyond such time may only be made by motion for submission to the Court for good cause and under extraordinary circumstances.

(   )　　Unless otherwise ordered by the Court, the parties shall select a mediator by agreement; if the parties are unable to agree on a mediator, they shall advise the Court within ninety (90) days of the date of this order; the Court will then appoint a mediator.

7.　　　Fourteen (14) days before the Initial Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Rule 193.7 applies to this designation. On or before ten (10) days before the Initial Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4 p.m. on the Thursday before the Initial Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

SIGNED January 9, 2007

*Failure to appear at the trial setting shall result in dismissal of this case for want of prosecution.*

_____

**District Judge**

CAUSE NO. DC-06-09743-D

| | | |
|---|---|---|
| STORMY MAGIERA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | § | 95th JUDICIAL DISTRICT |

## NOTICE OF CHANGE OF ADDRESS

This Notice is to advise the Court and all counsel that Counsel for Plaintiff, William J.

Dunleavy, has a new address, which is set out below:

**8140 Walnut Hill Lane**
**One Glen Lakes, Suite 950**
**Dallas, Texas 75231**

Counsel's telephone and facsimile numbers remain unchanged and are 972/247-9200 and

972/247-9201 respectively.

Respectfully submitted,

LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.

William J. Dunleavy
State Bar No. 00787404
8140 Walnut Hill Lane
One Glen Lakes, Suite 950
Dallas, Texas 75231
Telephone No. 972/247-9200
Telecopier No. 972/247-9201

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record pursuant to the Texas Rules of Civil Procedure on this 11th day of January, 2007.

William J. Dunleavy

**NOTICE OF CHANGE OF ADDRESS - Page 2**
MAGIERANOTICEADDRESS.wpd

CAUSE NO. DC-06-09743-D

| | | |
|---|---|---|
| STORMY L. MAGIERA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| CITY OF DALLAS, TEXAS | § | |
| | § | |
| Defendant. | § | 95th JUDICIAL DISTRICT |

## PLAINTIFF'S AMENDED PETITION AND REQUEST FOR DISCLOSURE

Stormy L. Magiera ("Plaintiff") complains of the City of Dallas, Texas and shows:

I.

### DISCOVERY CONTROL PLAN

Plaintiff affirmatively pleads that she seeks monetary relief of more than $50,000.00, and requests that the Court enter a Discovery Control Plan and place this case in Track III.

II.

### PARTIES

A.    Plaintiff Stormy L. Magiera resides in Dallas County, Texas.

B.    Defendant City of Dallas, Texas ("the City") is a municipality and service of process has been accomplished.

III.

### PLAINTIFF'S ALLEGATIONS OF FACT

A.    Plaintiff was employed by the City during all times relevant to the claims made the basis of this lawsuit.

B.    In the course of her employment with Defendant, Plaintiff was discriminated against

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE - Page 1**
MAGIERAAMENDEDPETITION1.wpd

based upon her gender (female) and in retaliation for complaining about the illegal discrimination she was subjected to, which conduct violates TEXAS LABOR CODE § 21.051.

C.      Between May 22, 2005 and the present, after making complaints about derogatory and discriminatory comments and conduct she was subjected to, Plaintiff was repeatedly retaliated against by her supervisors and co-workers and Plaintiff was denied the protections of Texas law, including TEXAS LABOR CODE § 21.051, prohibiting such discrimination.

D.      On May 22, 2005, while performing her job duties as a City of Dallas police officer, Plaintiff was subjected to sexual harassment and other sexually discriminatory conduct when a higher ranking City of Dallas police officer, Sergeant Ingram, made references to Plaintiff as "darling" and physically touched Plaintiff's person inappropriately and without Plaintiff's consent.

E.      After Sergeant Ingram's improper and offensive conduct, Plaintiff complained through her chain of command and she was subjected to retaliation and adverse employment actions, including being sent off work on sick time, being denied overtime opportunities, being recommended for disciplinary action and suffering lost income.

F.      Plaintiff continues to suffer retaliation and she has been and continues to be subjected to a hostile work environment.

G.      Plaintiff filed a charge of discrimination.

H.      Plaintiff has been issued a right to sue letter.

I.      Plaintiff continues to be harassed by Defendant and denied employment opportunities, including Defendant's refusal to permit Plaintiff to serve as a training officer.

J.      Plaintiff has suffered lost wages and benefits in the past due to Defendant's actions and omissions, including the acts and omissions of Defendant's agents and employees. Such lost

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE - Page 2**
MAGIERAAMENDEDPETITION1.wpd

wages and benefits may continue in the future.

     K.    Plaintiff suffered mental anguish and emotional distress in the past due to Defendant's actions and omissions, including the acts and omissions of Defendant's agents and employees. Such mental anguish and emotional distress may continue in the future.

     L.    Plaintiff also seeks her attorney's fees in pursuing her claims as permitted by law.

IV.

GENDER DISCRIMINATION AND RETALIATION CLAIMS

A.    Plaintiff shows she was subjected to illegal discrimination as a result of the conduct of Defendant City of Dallas, Texas and its agents and employees because of her gender.

B.    After complaining of the illegal discrimination, Plaintiff was subjected to retaliation because of her complaints.

C.    Plaintiff has been denied job opportunities, including the opportunity to work overtime or to serve as a training officer and the denial of other assignments because of the illegal discrimination and retaliation by Defendant.

D.    Defendant's conduct violates TEXAS LABOR CODE § 21.051.

E.    Plaintiff suffered damages as a result of Defendant's conduct.

V.

DEPRIVATION OF PROPERTY RIGHTS WITHOUT DUE COURSE OF LAW

A.    Plaintiff has been damaged and will continue to be damaged by Defendant's actions that deprive Plaintiff of her property rights in her employment without due course of law, including the right to work free from illegal discrimination and retaliation, which property rights were established when Plaintiff completed her probationary term of employment.

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE - Page 3**
MAGIERAAMENDEDPETITION1.wpd

B.      Plaintiff alleges that the conduct of Defendant in failing to enforce TEXAS LABOR CODE §

21.051 and permitting the continued retaliation against her amounts to a denial of Plaintiff's property

rights in employment without due course of law.

C.      Plaintiff seeks her damages suffered as a result of Defendant's conduct.

D.      Plaintiff seeks equitable relief, including an injunction, to compel Defendant to enforce

TEXAS LABOR CODE § 21.051 and to prohibit the continued retaliation against Plaintiff that is

occurring because Plaintiff complained about illegal discrimination.

## VI.

## WAIVER OF SOVEREIGN IMMUNITY

A.      Defendant is not immune from suit, nor immune from liability, because the actions of its

agents and employees subjected Plaintiff to illegal discrimination and retaliation and deprived

Plaintiff of property rights in her employment, or damaged those rights, without due course of law.

B.      Plaintiff's property rights in her continued employment, including the right to work free from

illegal discrimination and retaliation, have been and are being damaged by Defendant's failure to

enforce and obey Texas law, including TEXAS LABOR § 21.051.

C.      The Texas Constitution, Art. I, § 19, states "No citizen of this State shall be deprived of life,

liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course

of the law of the land".

D.      Plaintiffs' claims in equity are allowed by Texas Constitution Art. I, § 29.[1]

E.      Defendant lacks immunity as to Plaintiff's discrimination and retaliation claims because

---

[1]*City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex.1995).

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE - Page 4**
MAGIERAAMENDEDPETITION1.wpd

sovereign or governmental immunity was waived by the Texas Legislature, in clear and

unambiguous language, by the Texas Commission on Human Rights Act.

F.     The Texas Legislature has defined "employers" in TEXAS LABOR CODE § 21.008(c) to

include "a political subdivision of this state" and has made governmental entities subject to the

Texas Commission on Human Act when governments are also employers.  This language of the

Texas Commission on Human Act is a waiver of sovereign or governmental immunity.[2]

VII.

CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks an award of interest in accordance with Texas Finance Code §304.001 *et seq.*

VIII

REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial in this matter.

IX

PLAINTIFFS' REQUEST FOR DISCLOSURE

Plaintiff requests Defendant's disclosures under TEX. R. CIV. P. 194 by service at 8140

Walnut Hill Lane, One Glen Lakes, Suite 950, Dallas, Texas 75231 not later than thirty (30) days

after service of this Request.


WHEREFORE, Plaintiff Stormy L. Magiera requests Defendant City of Dallas, Texas be

cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant for

---

[2]*Sauls v. Montgomery County*, 18 S.W.3d 310 (Tex.App.–Beaumont 2000, no writ).

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE - Page 5**
MAGIERAAMENDEDPETITION1.wpd

actual damages, reasonable and necessary attorney's fees, pre-judgment and post-judgment interest,

costs of suit and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.

William J. Dunleavy
State Bar No. 00787404
8140 Walnut Hill Lane
One Glen Lakes, Suite 950
Dallas, Texas 75231
Telephone No. 972/247-9200
Telecopier No. 972/247-9201

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record pursuant to the Texas Rules of Civil Procedure on this 2nd day of February 2007.

William J. Dunleavy

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE - Page 6**
MAGIERAAMENDEDPETITION1.wpd

# LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.

8140 Walnut Hill Lane
One Glen Lakes, Suite 950
Dallas, Texas 75231

Telephone 972/247-9200
Telecopier 972/247-9201
E-mail: bill@williamjdunleavy.com

William J. Dunleavy
*Certified-Texas Board of Legal Specialization*
*Personal Injury Trial Law*

*Member-College of the State Bar of Texas*

## FAX COVER SHEET

**IMPORTANT NOTICE: This facsimile is intended only for the person or company to which it is addressed. This facsimile contains information that may be privileged, confidential and exempt from disclosure under state and/or federal law. If this facsimile is received by someone who is not the intended recipient or an employee or agent of the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this facsimile in error, please notify us immediately at 972/247-9200. We will arrange for the return of this facsimile at no cost to you.**

Date: <u>02/02/2007</u>            Time: <u>1:30 p.m.</u>

Pages, Including Cover Sheet: <u>8</u>            Case: *<u>Magiera v. City of Dallas, Texas</u>*

ASAP: _____            Normal: _____

To:  <u>Katherine J. Wise</u>    Phone: <u>214/671-9569</u>    Fax No: <u>214/670-0622</u>

From: <u>William J. Dunleavy</u>    Phone: <u>972/247-9200</u>    Fax No: <u>972/247-9201</u>

☐ **IMMEDIATE REPLY REQUESTED**

☒ **ORIGINAL WILL <u>NOT</u> FOLLOW**

☐ **ORIGINAL WILL FOLLOW BY:** ☐ U.S. Mail  ☐ Express Delivery  ☐ Other _____

Comments:_____

**Please call (972) 247-9200 if this facsimile is not complete or legible.**

MAGIERAFAXSHEETCOUNSEL.wpd

# LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.

8140 Walnut Hill Lane
One Glen Lakes, Suite 950
Dallas, Texas 75231

Telephone 972/247-9200
Telecopier 972/247-9201
E-mail: bill@williamjdunleavy.com

William J. Dunleavy
  *Certified-Texas Board of Legal Specialization*
  *Personal Injury Trial Law*

*Member-College of the State Bar of Texas*

February 2, 2007

**Via Facsimile 214/670-0622**
Ms. Katherine J. Wise
Office of the City Attorney
7BN Dallas City Hall
1500 Marilla Street
Dallas, TX 75201

RE:  *Magiera v. City of Dallas*
     Cause No. 06-09743

Ms. Wise:

Enclosed is Plaintiff's First Amended Petition and Request for Disclosure. Unfortunately, I was called away from the office yesterday and I was unable to get this to you as I planned.

Please call me if you have any questions.

With kind regards,

William J. Dunleavy

WJD/ck
enclosure
cc:    Ms. Stormy Magiera

MAGIERALETTERWISE020207.wpd

# LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.

8140 Walnut Hill Lane
One Glen Lakes, Suite 950
Dallas, Texas 75231

Telephone 972/247-9200
Telecopier 972/247-9201
E-mail: bill@williamjdunleavy.com

William J. Dunleavy
   *Certified-Texas Board of Legal Specialization*
   *Personal Injury Trial Law*

   *Member-College of the State Bar of Texas*

## FAX COVER SHEET

**IMPORTANT NOTICE:** This facsimile is intended only for the person or company to which it is addressed. This facsimile contains information that may be privileged, confidential and exempt from disclosure under state and/or federal law. If this facsimile is received by someone who is not the intended recipient or an employee or agent of the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this facsimile in error, please notify us immediately at 972/247-9200. We will arrange for the return of this facsimile at no cost to you.

Date: <u>01/11/2007</u>         Time: <u>4:45 p.m.</u>

Pages, Including Cover Sheet: <u>3</u>    Case: *Magiera v. City of Dallas, Texas*

ASAP: _____        Normal: _____

To:  <u>Katherine J. Wise</u>    Phone: <u>214/671-9569</u>   Fax No: <u>214/670-0622</u>

From: <u>William J. Dunleavy</u>   Phone: <u>972/247-9200</u>   Fax No: <u>972/247-9201</u>

☐ **IMMEDIATE REPLY REQUESTED**

☐ **ORIGINAL WILL <u>NOT</u> FOLLOW**

☐ **ORIGINAL WILL FOLLOW BY:** ☐ **U.S. Mail**  ☐ **Express Delivery** ☐ **Other** _____

Comments:_____

Please call (972) 247-9200 if this facsimile is not complete or legible.

MAGIERAFAXSHEETCOUNSEL.wpd

**CAUSE NO. DC-06-09743-D**

| | | |
|---|---|---|
| STORMY MAGIERA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 95th JUDICIAL DISTRICT |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant City of Dallas, Texas, and files this its Original Answer, Special Exceptions, and Affirmative Defenses in response to Plaintiff's Original Petition, and respectfully shows the Court the following:

### I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies generally each and every allegation contained within Plaintiff's Original Petition, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

1.      Defendant affirmatively invokes the defense of governmental immunity and would show that the City of Dallas is a municipal corporation organized and existing as a political subdivision and a unit of government of the State of Texas, and as a home-rule city under the Home-Rule Amendment to the Constitution of the State of Texas and the provisions applicable to the Home-Rule Municipalities as set forth in the Local Government Code of the State of Texas.

2. Defendant affirmatively pleads that Section 101.057(2) of the Texas Tort Claims Act bars recovery against the Defendant for any intentional torts committed by its officers, agents and employees.

3. To the extent that Plaintiff alleges any negligent acts or omissions on the part of Defendant, Defendant affirmatively pleads that the immunity of Defendant for the negligent acts or omissions of its officers, agents, and/or employees acting in the course and scope of their employment, is waived only to the extent set forth in the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code, §101.001, *et. seq.* In the unlikely event Plaintiff can prove a cause of action against Defendant, Plaintiff's monetary recovery will be governed by the limits set forth therein.

4. Defendant affirmatively pleads that on all occasions in question its employees, representatives, and agents acted in good faith within the scope of their discretionary authority.

5. Defendant affirmatively pleads that on all occasions in question its employees, representatives, and agents did not violate any clearly established law of which a reasonable person would have known.

6. Defendant affirmatively pleads that no act or omission on its part or on the part of its employees proximately caused Plaintiff's alleged damages, if any.

7. To the extent that Plaintiff's cause of action falls outside the applicable statute of limitations, Defendant affirmatively pleads such statute of limitations.

8. Defendant affirmatively pleads it is not liable to the extent that Plaintiff has failed to mitigate her alleged damages, if any.

9. Defendant affirmatively pleads that on all occasions in question, its employees acted without malice and without intent to deprive Plaintiff of any legally protected rights.

10.     Defendant affirmatively pleads that punitive and exemplary damages are not recoverable against a municipality under state law. Defendant affirmatively pleads that in the unlikely event Plaintiff can prove punitive and exemplary damages against Defendant, then Plaintiff's monetary recovery would be governed by the limits set forth by Texas Civil Practice and Remedies Code §41.001, *et. seq.*

### III.  OTHER DEFENSES

11.     To the extent Plaintiff has failed to exhaust all administrative remedies, Defendant affirmatively pleads that Plaintiff has failed to meet the prerequisites and conditions precedent for filing this civil action.

### IV.  REQUESTS FOR DISCLOSURE

12.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

### IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant City of Dallas, Texas, prays that Plaintiff takes nothing by this suit, that all relief requested by Plaintiff be denied.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS

_____
KATHERINE J. WISE
Assistant City Attorney
Texas State Bar No. 24044581
JANICE S. MOSS
Assistant City Attorney
Texas State Bar No. 14586050
City Hall 7DN
1500 Marilla Street
Dallas, Texas  75201
Tel.  (214) 671-9569
Fax  (214) 670-0622

## CERTIFICATE OF SERVICE

On February 12, 2007, a copy of the foregoing document was provided via facsimile to 972-247-9201 and by certified mail, return receipt requested, to the following:

Mr. William J. Dunleavy
8140 Walnut Hill Lane
One Glen Lakes, Suite 950
Dallas, Texas  75231

_____
KATHERINE J. WISE

CAUSE NO. DC-06-09743-D

| | | |
|---|---|---|
| STORMY MAGIERA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 95th JUDICIAL DISTRICT |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT CITY OF DALLAS' UNOPPOSED MOTION TO AMEND THE COURT'S UNIFORM SCHEDULING ORDER AND TO VACATE THE REQUIREMENT OF MEDIATION

**TO THE HONORABLE JUDGE JOHNSON:**

COMES NOW, the City of Dallas, Texas, Defendant in the above entitled and numbered cause of action and files this Unopposed Motion to Amend the Court's Uniform Scheduling Order and to Vacate the Requirement of Mediation and would respectfully show the Court as follows:

1.     The Court filed its Uniform Scheduling Order on January 9, 2007. At that time, the Court appointed Kathy Fragnoli of Burdin Mediation as mediator and required mediation to be completed by October 26, 2007.

2.     Out of courtesy, Defendant's counsel notified Plaintiff's counsel, Mr. William J. Dunleavy, that based on the nature of Defendant's claims and the discovery provided to date that the City would not be offering any financial settlement to Plaintiff. Mr. Dunleavy has stated that, based on the City's settlement position, he is unopposed to Defendant's Motion to amend the Court's Uniform Scheduling Order and to vacate the requirement of mediation.

3. Defendant would respectfully request the Court enter the attached Order modifying its Uniform Scheduling Order and vacating any requirement that the parties mediate this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court enter the attached Order amending its Uniform Scheduling Order and vacating the requirement of mediation.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS

_____

KATHERINE J. WISE
Assistant City Attorney
Texas State Bar No. 24044581
JANICE S. MOSS
Assistant City Attorney
Texas State Bar No. 14586050
City Hall 7DN
1500 Marilla Street
Dallas, Texas 75201
Tel. (214) 671-9569
Fax (214) 670-0622

## CERTIFICATE OF CONFERENCE

I, the undersigned attorney, hereby certify to the Court that I have conferred with opposing counsel about the relief sought in this motion.  Counsel for Plaintiff is unopposed to the relief sought.

Certified to on the __25__ th day of July, 2007

KATHERINE J. WISE

## CERTIFICATE OF SERVICE

On July __25__, 2007, a copy of the foregoing document was provided via certified mail, return receipt requested to the following:

Mr. William J. Dunleavy
1038 S. Elm Street
Carrollton, Texas 75006

KATHERINE J. WISE

**MWA REPORTERS**
**6440 N. CENTRAL EXPRESSWAY**
**318 TURLEY LAW CENTER**
**DALLAS, TEXAS 75206**
**214-363-7471**
**FAX 214-363-7760**

DATE: **July 30, 2007**

RE: **DC-06-09743-D**
**MAGIERA VS. CITY OF DALLAS**

Dear Mr. William Dunleavy,

In accordance with the Texas Rules of Civil Procedure/Federal Rules of Civil Procedure,
I am forwarding to you in regard to the deposition of **Susan Katherine Lash** taken on
**May 22, 2007**, the following:

_____ Original deposition was returned.
___x__ Original deposition was not returned to me.

Also, please be advised:
_____ Deposition was notarized.
___x__ Deposition was not notarized.
___x__ No changes and/or corrections were noted.
_____ A copy of the correction sheet is attached.


Attached also is the following:

__X__ Certificate Affidavit to be attached to your original or copy.

Please le me know if I may be of further assistance in this matter.

Yours truly,

Melissa Fisher
Office Manager

Enclosure
cc:     District/County Clerk
        Ms. Katherine Jane Wise

Oral Deposition - Susan Katherine Lash
*May 22, 2007*

CAUSE NO. DC-06-09743-D

| | | |
|---|---|---|
| STORMY L. MAGIERA, | ) | IN THE DISTRICT COURT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DALLAS COUNTY, TEXAS |
| | ) | |
| CITY OF DALLAS, TEXAS, | ) | |
| | ) | |
| Defendant. | ) | 95TH JUDICIAL DISTRICT |

**REPORTER'S CERTIFICATE**

**ORAL DEPOSITION OF SUSAN KATHERINE LASH**

May 22, 2007

I, Marion Ward, Certified Shorthand Reporter
in and for the State of Texas, hereby certify to the
following:

That the witness, SUSAN KATHERINE LASH, was
duly sworn and that the transcript of the deposition is
a true record of the testimony given by the witness;

MWA REPORTERS 214/363-7471

Oral Deposition - Susan Katherine Lash
*May 22, 2007*

1          That the deposition transcript was duly

2    submitted on _6/6/07_ to the witness or the

3    attorney for the witness for examination, signature,

4    and return to me by _6/26/07_.

5          That pursuant to information given to the

6    deposition officer at the time said testimony was

7    taken, the following includes all parties of record and

8    the amount of time used by each party at the time of

9    the deposition:

10

11

12                Mr. William J. Dunleavy (03h00m)
                      Attorney for Plaintiff
13                Ms. Katherine Jane Wise (00h00m)
                      Attorney for Defendant
14

15

16   *FOR PLAINTIFF:*

17        Mr. William J. Dunleavy
          THE LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.
18        8140 Walnut Hill Lane
          One Glen Lakes, Suite 950
19        Dallas, Texas  75234
          (972)247-9200
20

21   *FOR DEFENDANT:*

22        Ms. Katherine Jane Wise
          Assistant District Attorney, City of Dallas
23        1500 Marilla Street
          City Hall
24        Dallas, Texas  75201
          (214)671-9569
25

MWA REPORTERS 214/363-7471

Oral Deposition - Susan Katherine Lash
*May 22, 2007*

1    That a copy of this certificate was served

2  on all parties shown herein on _6/6/07_____

3  and filed with the Clerk.

4    I further certify that I am neither counsel

5  for, related to, nor employed by any of the parties in

6  the action in which this proceeding was taken, and

7  further that I am not financially or otherwise

8  interested in the outcome of this action.

9    Further certification requirements pursuant

10  to Rule 203 of the Texas Code of Civil Procedure will

11  be complied with after they have occurred.

12    Certified to by me on this _10th_ day of

13  _June_____, _2007_.

14

15

16  _____

17  Marion Ward, CSR
    Texas CSR 876, Firm No. 126
18  Expiration:  12/31/08
    MWA Reporters
19  6440 North Central Expressway
    Suite 318
20  Dallas, Texas  75206

21

22

23

24

25

Oral Deposition – Susan Katherine Lash
*May 22, 2007*

1       **FURTHER CERTIFICATION UNDER TRCP RULE 203**

2

3              The original deposition was, was not returned

4       to the deposition officer on _July 30, 2007_

5              If returned, the attached Changes and

6       Signature page(s) contain(s) any changes and the

7       reasons therefor.

8              If returned, the original deposition was

9       delivered to Mr. William J. Dunleavy, Custodial

10      Attorney.

11             $745.00 is the deposition officer's charges

12      to the Plaintiff for preparing the original deposition

13      transcript and any copies of exhibits.

14             The deposition was delivered in accordance

15      with Rule 203.3, and a copy of this certificate, served

16      on all parties shown herein, was filed with the Clerk.

17             Certified to by me on this 30th day of

18      _July_, 2007.

19

20

21      _M Ward_

22      Marion Ward, CSR
        Texas CSR 876, Firm No. 126
23      Expiration:  12/31/08
        MWA Reporters
24      6440 North Central Expressway
        Suite 318
25      Dallas, Texas  75206

**MWA REPORTERS**
**6440 N. CENTRAL EXPRESSWAY**
**318 TURLEY LAW CENTER**
**DALLAS, TEXAS 75206**
**214-363-7471**
**FAX 214-363-7760**

DATE: **July 30, 2007**

RE: **DC-06-09743-D**
**MAGIERA VS. CITY OF DALLAS**

Dear Mr. William Dunleavy,

In accordance with the Texas Rules of Civil Procedure/Federal Rules of Civil Procedure, I am forwarding to you in regard to the deposition of **Deborah Ann Branton** taken on **May 22, 2007**, the following:

_____ Original deposition was returned.
___x__ Original deposition was not returned to me.

Also, please be advised:
_____ Deposition was notarized.
___x__ Deposition was not notarized.
___x__ No changes and/or corrections were noted.
_____ A copy of the correction sheet is attached.


Attached also is the following:

__X__ Certificate Affidavit to be attached to your original or copy.

Please le me know if I may be of further assistance in this matter.

Yours truly,

Melissa Fisher
Office Manager

Enclosure
cc:     District/County Clerk
        Ms. Katherine Jane Wise

a Marion Ward Company

Oral Deposition - Deborah Ann Branton
*May 22, 2007*

1              CAUSE NO. DC-06-09743-D

2    STORMY L. MAGIERA,          )     IN THE DISTRICT COURT

3                                )

                                 )

         Plaintiff,              )

4                                )

                                 )

5    v.                          )     DALLAS COUNTY, TEXAS

                                 )

6                                )

     CITY OF DALLAS, TEXAS,      )

7                                )

                                 )

8        Defendant.              )     95TH JUDICIAL DISTRICT

9

10

11

12

13              **REPORTER'S CERTIFICATE**

14       **ORAL DEPOSITION OF DEBORAH ANN BRANTON**

15              May 22, 2007

16

17

18

19

20        I, Marion Ward, Certified Shorthand Reporter

21   in and for the State of Texas, hereby certify to the

22   following:

23        That the witness, DEBORAH ANN BRANTON, was

24   duly sworn and that the transcript of the deposition is

25   a true record of the testimony given by the witness;

MWA REPORTERS 214/363-7471

Oral Deposition - Deborah Ann Branton
*May 22, 2007*

1          That the deposition transcript was duly

2    submitted on _____ to the witness or the

3    attorney for the witness for examination, signature,

4    and return to me by _____ .

5          That pursuant to information given to the

6    deposition officer at the time said testimony was

7    taken, the following includes all parties of record and

8    the amount of time used by each party at the time of

9    the deposition:

10

11

12                    Mr. William J. Dunleavy (01h10m)
                         Attorney for Plaintiff
13                    Ms. Katherine Jane Wise (00h00m)
                         Attorney for Defendant
14

15

16   *FOR PLAINTIFF:*

17        Mr. William J. Dunleavy
          THE LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.
18        8140 Walnut Hill Lane
          One Glen Lakes, Suite 950
19        Dallas, Texas   75234
          (972)247-9200
20

21   *FOR DEFENDANT:*

22        Ms. Katherine Jane Wise
          Assistant District Attorney, City of Dallas
23        1500 Marilla Street
          City Hall
24        Dallas, Texas   75201
          (214)671-9569
25

Oral Deposition - Deborah Ann Branton
*May 22, 2007*

1      That a copy of this certificate was served

2  on all parties shown herein on ⟨6/6/07⟩

3  and filed with the Clerk.

4      I further certify that I am neither counsel

5  for, related to, nor employed by any of the parties in

6  the action in which this proceeding was taken, and

7  further that I am not financially or otherwise

8  interested in the outcome of this action.

9      Further certification requirements pursuant

10  to Rule 203 of the Texas Code of Civil Procedure will

11  be complied with after they have occurred.

12      Certified to by me on this 6th day of

13  June 2007.

14

15

16

17                    Marion Ward, CSR
                     Texas CSR 876, Firm No. 126
18                   Expiration:  12/31/08
                     MWA Reporters
19                   6440 North Central Expressway
                     Suite 318
20                   Dallas, Texas   75206

21

22

23

24

25

Oral Deposition - Deborah Ann Branton
*May 22, 2007*

1    **FURTHER CERTIFICATION UNDER TRCP RULE 203**

2

3              The original deposition was was not returned

4    to the deposition officer on July 30, 2007.

5              If returned, the attached Changes and

6    Signature page(s) contain(s) any changes and the

7    reasons therefor.

8              If returned, the original deposition was

9    delivered to Mr. William J. Dunleavy, Custodial

10   Attorney.

11              $ 339.00 is the deposition officer's charges

12   to the Plaintiff for preparing the original deposition

13   transcript and any copies of exhibits.

14              The deposition was delivered in accordance

15   with Rule 203.3, and a copy of this certificate, served

16   on all parties shown herein, was filed with the Clerk.

17              Certified to by me on this 30th day of

18   July, 2007.

19

20

21              [signature]

22              Marion Ward, CSR
                Texas CSR 876, Firm No. 126
23              Expiration:  12/31/08
                MWA Reporters
24              6440 North Central Expressway
                Suite 318
25              Dallas, Texas  75206

MWA REPORTERS 214/363-7471



95th DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4631

August 29, 2007

Ms. Katherine Wise
City Hall 7DN
1500 Marilla St.
Dallas, TX 75201

Mr. William J. Dunleavy
1038 Elm Street
Carrollton, TX 75006

RE:    Cause No. 06-09743-D
       Stormy Magiera vs. The City of Dallas, Texas

# NOTICE

The above-referenced case is hereby reset for **NON JURY TRIAL** on the 2- week trial docket beginning:
**March 31, 2008 @ 8:30 a.m.**

Trial announcements must be made in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.  Pursuant to Local Rule 3.04, please be advised that if this case is not reached as set, it may be carried to the following week.

When no announcement is made for Plaintiff, this case will be dismissed for want of prosecution in accordance with Texas Rules of Civil Procedure.

Except as provided by court order, completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Texas Rules of Civil Procedure and the Local Rules.

**FAILURE TO APPEAR AT THE TRIAL SETTING SHALL RESULT IN DISMISSAL OF THIS CASE FOR WANT OF PROSECUTION.**

NO. DC-06-09743-D

ORIGINAL

STORMY MAGIERA,                    )   IN THE DISTRICT COURT
                                   )
          Plaintiff,               )
                                   )
vs.                                )   95TH JUDICIAL DISTRICT
                                   )
CITY OF DALLAS, TEXAS,             )
                                   )
          Defendant.               )   DALLAS COUNTY, TEXAS

CERTIFICATION PURSUANT TO      REPORTER'S CERTIFICATION
RULE 203.1 & 203.2 T.R.C.P   DEPOSITION OF **MICHAEL MAGIERA**
TO THE                            August 13, 2007

          I, Jeff L. Foster, Certified Shorthand

Reporter in and for the State of Texas, do hereby

certify to the following:

          That the witness, **MICHAEL MAGIERA**, was

duly sworn by the officer and that the transcript of

the oral deposition is a true record of the testimony

given by the witness;

          That the deposition transcript was

submitted on August 24, 2007, to the witness or to the

attorney for the witness for examination, signature and

return to me in 20 days pursuant to Rule 203.1(b) or

agreement;

          That the amount of time used by each

party at the deposition is as follows:

     Ms. Wise - 40 minutes

     Mr. Dunleavy - 12 minutes

MICHAEL MAGILLA

1     That pursuant to the information given to
2  the deposition officer at the time said testimony was
3  taken, the following includes counsel for all parties
4  of record:
5     Mr. Dunleavy, Attorney for Plaintiff
6     Ms. Wise and Jeffers, Attorneys for Defendant
7     I further certify that I am neither
8  counsel for, related to nor employed by any of the
9  parties or attorneys in the action in which this
10 proceeding was taken, and further that I am not
11 financially or otherwise interested in the outcome of
12 the action.
13     Further certification requirements
14 pursuant to Rule 203 of TRCP will be certified to after
15 they have occurred.
16     Certified to by me this 24th day of
17 August, 2007.

18

19  _____
    Jeff L. Foster, CSR 5434
20  Expiration Date:  12/31/2008
    Firm Registration #209
21  5220 Renaissance Tower
    1201 Elm Street
22  Dallas, Texas 75270
    (214) 855-5300

23

24

25

1

## FURTHER CERTIFICATION UNDER RULE 203 TRCP

2          The original deposition was/~~was not~~

3    returned to the deposition officer on _9-24-07_;

4          If returned, the attached Changes and

5    Signature page contains any changes and the reasons

6    therefore;

7          If returned, the original deposition was

8    delivered to Ms. Katherine Wise, Custodial Attorney;

9          That $ _376.25_ is the deposition

10   officer's charges to the Defendant for preparing the

11   original deposition transcript and any copies of

12   exhibits;

13          That the deposition was delivered in

14   accordance with Rule 203.3, and that a copy of this

15   certificate was served on all parties shown herein on

16   _9-28-07_ and filed with the Clerk.

17          Certified to by me this _27_ day of

18   _Sept._, _2007_.

19

20

21   _____
     Jeff L. Foster, CSR 5434

22   Expiration Date: 12/31/2008
     5220 Renaissance Tower

23   1201 Elm Street
     Dallas, Texas 75270

24   (214) 855-5300

25

MICHAEL MAGIERA

```
1                    CHANGES AND SIGNATURE

2    WITNESS NAME:  MICHAEL MAGIERA

3    DATE OF DEPO:  AUGUST 13, 2007

4    PAGE          LINE       CHANGE              REASON

5    _____

6    _____

7    _____

8    _____

9    _____

10   _____

11   _____

12   _____

13   _____

14   _____

15   _____

16   _____

17   _____

18   _____

19   _____

20   _____

21   _____

22   _____

23   _____

24   _____

25   _____
```

CHANGES AND SIGNATURE (Cont'd)

PAGE            LINE        CHANGE                        REASON

_____

_____

_____

_____

_____

_____

_____

        I, **MICHAEL MAGIERA**, have read the
foregoing deposition and hereby affix my signature that
same is true and correct, except as noted above.

_____
**MICHAEL MAGIERA**

THE STATE OF _Texas_ )

COUNTY OF _Collin_ )

        Before me, _M. Jason Duke_, on this
day personally appeared **MICHAEL MAGIERA**, known to me
(or proved to me under oath or through
_Texas Driver License_ (description of identity card or
other document) to be the person whose name is
subscribed to the foregoing instrument and acknowledged
to me that they executed the same for the purposes and
consideration therein expressed.

        Given under my hand and seal of office
this _19_ day of _September_, 2007.

M JASON DUKE
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
NOVEMBER 21, 2007

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF _Texas_



NO. DC-06-09743-D

STORMY MAGIERA,                 )  IN THE DISTRICT COURT

        Plaintiff,              )

vs.                             )

                                )  95TH JUDICIAL DISTRICT

CITY OF DALLAS, TEXAS,          )

                                )

        Defendant.              )  DALLAS COUNTY, TEXAS

REPORTER'S CERTIFICATION
DEPOSITION OF **STORMY MAGIERA**
August 13, 2007

        I, Jeff L. Foster, Certified Shorthand

Reporter in and for the State of Texas, do hereby

certify to the following:

        That the witness, **STORMY MAGIERA**, was

duly sworn by the officer and that the transcript of

the oral deposition is a true record of the testimony

given by the witness;

        That the deposition transcript was

submitted on August 27, 2007, to the witness or to the

attorney for the witness for examination, signature and

return to me in 20 days pursuant to Rule 203.1(b) or

agreement;

        That the amount of time used by each

party at the deposition is as follows:

    Ms. Wise - 4 hours, 39 minutes

    Mr. Dunleavy - 3 minutes

214-855-5300           UARS           800-445-7718

1          That pursuant to the information given to

2    the deposition officer at the time said testimony was

3    taken, the following includes counsel for all parties

4    of record:

5         Mr. Dunleavy, Attorney for Plaintiff

6         Ms. Wise and Jeffers, Attorneys for Defendant

7          I further certify that I am neither

8    counsel for, related to nor employed by any of the

9    parties or attorneys in the action in which this

10   proceeding was taken, and further that I am not

11   financially or otherwise interested in the outcome of

12   the action.

13          Further certification requirements

14   pursuant to Rule 203 of TRCP will be certified to after

15   they have occurred.

16          Certified to by me this 24th day of

17   August, 2007.

18

19   _____

20   Jeff L. Foster, CSR 5434
     Expiration Date:  12/31/2008

21   Firm Registration #209
     5220 Renaissance Tower

22   1201 Elm Street
     Dallas, Texas 75270

23   (214) 855-5300

24

25

## FURTHER CERTIFICATION UNDER RULE 203 TRCP

The original deposition was/~~was not~~ returned to the deposition officer on ___9-21-07___;

If returned, the attached Changes and Signature page contains any changes and the reasons therefore;

If returned, the original deposition was delivered to Ms. Katherine Wise, Custodial Attorney;

That $ _1,347.25_ is the deposition officer's charges to the Defendant for preparing the original deposition transcript and any copies of exhibits;

That the deposition was delivered in accordance with Rule 203.3, and that a copy of this certificate was served on all parties shown herein on ___9-28-07_____ and filed with the Clerk.

Certified to by me this _27__ day of ___Sept_____, _2007___.


Jeff L. Foster, CSR 5434
Expiration Date: 12/31/2008
5220 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 855-5300

1                    CHANGES AND SIGNATURE

2   WITNESS NAME:  STORMY MAGIERA

3   DATE OF DEPO:  AUGUST 13, 2007

4   PAGE          LINE        CHANGE               REASON

5   _____

6   _____

7   _____

8   _____

9   _____

10  _____

11  _____

12  _____

13  _____

14  _____

15  _____

16  _____

17  _____

18  _____

19  _____

20  _____

21  _____

22  _____

23  _____

24  _____

25  _____

```
 1              CHANGES AND SIGNATURE (Cont'd)

 2      PAGE         LINE        CHANGE                  REASON

 3      _____

 4      _____

 5      _____

 6      _____

 7      _____

 8      _____

 9      _____

10

11              I, STORMY MAGIERA, have read the
        foregoing deposition and hereby affix my signature that
12      same is true and correct, except as noted above.

13

14                    STORMY MAGIERA

15      THE STATE OF  Texas    )

16      COUNTY OF    Dallas  )

17              Before me, Carol Krayenhagen  , on this
        day personally appeared STORMY MAGIERA, known to me (or
18      proved to me under oath or through _____
        (description of identity card or other document) to be
19      the person whose name is subscribed to the foregoing
        instrument and acknowledged to me that they executed
20      the same for the purposes and consideration therein
        expressed.

21

                Given under my hand and seal of office
22      this 19th day of September      , 2007.

23

24      ┌─────────────────────┐
        │ ★ CAROL L. KRAYENHAGEN │  Carol
        │ Notary Public, State of Texas │  NOTARY PUBLIC IN AND FOR
        │ My Commission Expires │  THE STATE OF Texas
        │ November 25, 2007     │
25      └─────────────────────┘
```

**MWA REPORTERS**
**6440 N CENTRAL EXPRESSWAY**
**318 TURLEY LAW CENTER**
**DALLAS TEXAS 75206**
**214-363-7471**
**214-363-7760 FAX**



DATE: **September 20, 2007**

RE: **DC-06-09743-D**
**MAGIERA VS. CITY OF DALLAS**

Dear Mr. William Dunleavy,

In accordance with the Texas Rules of Civil Procedure/Federal Rules of Civil Procedure, I am forwarding to you in regard to the deposition of **Lt. Paul So Thai** taken on **August 17, 2007**, the following:

__x__ Original deposition was returned.
_____ Original deposition was not returned to me.

Also please be advised:
__x__ Deposition was notarized.
_____ Deposition was not notarized.
_____ No Changes and/or corrections were noted.
__x__ Copy of the correction sheet is attached.

Attached also is the following:

__x__ Certificate Affidavit to be attached to your original or copy.

Please let me know if I may be of further assistance in this matter.

Yours truly,


Melissa Fisher
Office Manager

Enclosure

cc:   District/County Clerk
      Ms Katherine Jane Wise

a Marion Ward Company

Oral Deposition - Lt. Paul So Thai
*August 17, 2007*

1    **CHANGES AND SIGNATURE**

2    PAGE      LINE      CHANGE                          REASON

3    11 - 7        SunDQuisT

4    13 - 19      Taking off

5    14 - 1        SunDQuisT

6    14 - 2          "

7    15 - 2          "

8    15 - 7          "

9    16 - 1          "

10   16 - 6          "

11   16 - 7          "

12   22 - 8          "

13   22 - 14         "

14   24 - 17         "

15   30 - 7     Thought he said " told all that to

16             you in detail room." Only told me

17             not everyone in detail room.

18

19   55 - 17      intranet

20   74 - 23      ? SHould BE IS THERE A DET. DIV  ?

21   85 - n      rode

22

23

24

25

MWA REPORTERS  214/363-7471

Oral Deposition - Lt. Paul So Thai
*August 17, 2007*

1         I, LT. PAUL SO THAI, having read the

2   foregoing deposition and hereby affix my signature that

3   same is true and correct, except as noted above.

4   _____

5         LT. PAUL SO THAI

6

7   STATE OF **TEXAS**     )

8   COUNTY OF **DALLAS**    )

9

10         Before me, **Teri L. O'Gorman**   , on this

11   day personally appeared LT. PAUL SO THAI, known to me

12   ~~or proved to me on the oath of xxxxxxxxxxxxxxxxxxxxxxxxxxxxx through~~

13   ~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx description on the face of his driver's license xxxxxx~~

14   ~~or other document)~~ to be the person whose name is

15   subscribed to the foregoing instrument and acknowledged

16   to me that he/~~xxx~~ executed the same for the purpose and

17   consideration therein expressed.

18         Given under my hand and seal of office on

19   this   **31st** day of **August**  , **2007**  .

20

21             *Teri L. O'Gorman*

22   [SEAL: TERI L. O'GORMAN / Notary Public, State of Texas / My Commission Expires / May 13, 2011]  NOTARY PUBLIC IN AND FOR

23         THE STATE OF  **TEXAS**

24

25   My Commission Expires:  **05-13-11**

MWA REPORTERS 214/363-7471

Oral Deposition - Lt. Paul So Thai
*August 17, 2007*

1                    CAUSE NO. DC-06-09743-D

2    STORMY L. MAGIERA,         )     IN THE DISTRICT COURT

3                               )

4         Plaintiff,            )

5    v.                         )     DALLAS COUNTY, TEXAS

6                               )

7    CITY OF DALLAS, TEXAS,     )

8         Defendant.            )     95TH JUDICIAL DISTRICT

9

10

11

12

13                   **REPORTER'S CERTIFICATE**

14              **ORAL DEPOSITION OF LT. PAUL SO THAI**

15                      August 17, 2007

16

17

18

19

20         I, Marion Ward, Certified Shorthand Reporter

21   in and for the State of Texas, hereby certify to the

22   following:

23         That the witness, LT. PAUL SO THAI, was duly

24   sworn and that the transcript of the deposition is a

25   true record of the testimony given by the witness;

---

*MWA REPORTERS 214/363-7471*

Oral Deposition - Lt. Paul So Thai
*August 17, 2007*

1   That the deposition transcript was duly

2   submitted on _8|24|07_ to the witness or the

3   attorney for the witness for examination, signature,

4   and return to me by _9|13|07_.

5   That pursuant to information given to the

6   deposition officer at the time said testimony was

7   taken, the following includes all parties of record and

8   the amount of time used by each party at the time of

9   the deposition:

10

11          Mr. William J. Dunleavy (02h40m)
                Attorney for Plaintiff
12          Ms. Katherine Jane Wise (00h00m)
            Ms. Rosalind Jeffers (00h00m)
13              Attorneys for Defendant

14

15

*FOR PLAINTIFF:*
16
        Mr. William J. Dunleavy
17      THE LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.
        8140 Walnut Hill Lane
18      One Glen Lakes, Suite 950
        Dallas, Texas  75234
19      (972)247-9200

20
*FOR DEFENDANT:*
21
        Ms. Katherine Jane Wise
22      Assistant District Attorney, City of Dallas
        Ms. Rosalind Jeffers
23      Attorney, City of Dallas
        1500 Marilla Street
24      City Hall
        Dallas, Texas  75201
25      (214)671-9569

Oral Deposition - Lt. Paul So Thai
*August 17, 2007*

1       That a copy of this certificate was served

2   on all parties shown herein on 8|24|07

3   and filed with the Clerk.

4       I further certify that I am neither counsel

5   for, related to, nor employed by any of the parties in

6   the action in which this proceeding was taken, and

7   further that I am not financially or otherwise

8   interested in the outcome of this action.

9       Further certification requirements pursuant

10  to Rule 203 of the Texas Code of Civil Procedure will

11  be complied with after they have occurred.

12      Certified to by me on this 24th day of

13  August, 2007.

14

15

16

17      Marion Ward, CSR

18      Texas CSR 876, Firm No. 126
        Expiration:  12/31/08

19      MWA Reporters
        6440 North Central Expressway
        Suite 318

20      Dallas, Texas  75206

21

22

23

24

25

MWA REPORTERS 214/363-7471

Oral Deposition - Lt. Paul So Thai
*August 17, 2007*

**FURTHER CERTIFICATION UNDER TRCP RULE 203**

The original deposition was/was not returned to the deposition officer on ____9-5-07____.

If returned, the attached Changes and Signature page(s) contain(s) any changes and the reasons therefor.

If returned, the original deposition was delivered to Mr. William J. Dunleavy, Custodial Attorney.

$648.00 is the deposition officer's charges to the Plaintiff for preparing the original deposition transcript and any copies of exhibits.

The deposition was delivered in accordance with Rule 203.3, and a copy of this certificate, served on all parties shown herein, was filed with the Clerk.

Certified to by me on this 20th day of September, 2007.

Marion Ward, CSR
Texas CSR 876, Firm No. 126
Expiration:  12/31/08
MWA Reporters
6440 North Central Expressway
Suite 318
Dallas, Texas  75206

404D  00276

CAUSE NO. DC06-9743-D

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| Stormy Magiera vs. City of Dallas | § | |
| Texas | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | 95th JUDICIAL DISTRICT |

### SETTLEMENT WEEK
### ORDER OF REFERRAL TO MEDIATION

This case is appropriate for mediation pursuant to Tex. Civ. Prac. & Rem. Code, Sec. 154.0001, et seq.  As part of this Court's participation in Settlement Week scheduled December 10-14, 2007, Raquel Rodriguez [ , 111 E Polk Street, Richardson, TX. 75081, phone 214 505-7363, fax 972 850-1247, email: raquelrodr@aol.com] is appointed as Mediator.  The parties and the Mediator shall agree upon a mediation date, time, and location during Settlement Week.  If no agreement is reached, the Mediator shall set the mediation.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the Mediator.  Mediation is private, confidential, and privileged from process and discovery.  After mediation, the Mediator will notify the Court only as to whether the case did or did not settle and whether further ADR procedures should be pursued.  The Mediator shall not be a witness, nor may the Mediator's records be subpoenaed or used as evidence.  No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session.

**Named parties and all persons with necessary authority to settle the dispute shall be present during the entire mediation process.**

Referral to mediation is not a substitute for trial and the case will proceed to trial if not settled.

SIGNED *November 26*, 2007.

_____
Judge Presiding

cc:  Plaintiffs attorney: William J. Dunleavy, phone: 972-247-9201, fax: 972-247-9201
     Defense attorney: Katherine Wise, phone: 214-671-9569, fax: 214-670-0622

**SETTLEMENT WEEK ORDER OF REFERRAL TO MEDIATION** - Solo Page

CAUSE NO. DC-06-09743-D

| STORMY MAGIERA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 95th JUDICIAL DISTRICT |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

<u>DEFENDANT CITY OF DALLAS' UNOPPOSED MOTION FOR CONTINUANCE<br>OF THE TRIAL DATE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 251 of the Texas Rules of Civil Procedure and Local Rule 3.01, Defendant City of Dallas (hereinafter "Defendant"), files this unopposed motion to continue the trial setting and shows the Court the following:

1.     This cause of action was originally filed on September 15, 2006.

2.     The trial date in this cause of action is currently scheduled for March 31, 2008.

3.     The attorney of record for the Defendant, Katherine J. Wise, is no longer representing the Defendant, as she has resigned her employment with the City of Dallas. The lead attorney for the Defendant is now Jennifer Carter Huggard. Ms. Huggard was only recently hired by the City of Dallas to take over this case. Ms. Huggard needs additional time to review the documents and become familiar with the issues of the case.

4.      Also, additional discovery is necessary to prepare this case properly for trial.  Counsel for plaintiff has requested additional depositions and has been accommodating to the Defendant during the transition to new counsel.

5.      Finally, Ms. Huggard is lead counsel in a case with a conflicting trial setting, in a case styled *Jay Sandon Cooper v. City of Dallas*, Cause No. 3:04-CV-1663-M.   The case is specially set for trial on March 24, 2008, and is the number one case on the court's civil docket in the U.S. District Court for the Northern District of Texas, Dallas Division.  Because of the age of the case, we anticipate the case will go to trial at that time.  Due to the complexity of the case, it is likely that the trial will be quite lengthy.

6.      For these reasons, it has become necessary for the Defendant to file this unopposed motion for continuance of the trial date to give counsel an opportunity to adequately prepare for trial and to eliminate the conflicting trial settings.  The City proposes a trial date no sooner than July 2008.

7.      This motion is not made for the purposes of delay, but so that justice may be done.

WHEREFORE, PREMISES CONSIDERED, the City of Dallas respectfully moves the Court to grant a continuance of the trial setting.

Respectfully submitted,

THOMAS P. PERKINS, JR.
**CITY ATTORNEY OF
THE CITY OF DALLAS**

JENNIFER CARTER HUGGARD
Assistant City Attorney
Texas State Bar No. 00792998
JANICE MOSS
Assistant City Attorney
Texas State Bar No. 14586050
City Hall 7DN
1500 Marilla Street
Dallas, Texas  75201
Tel.  (214) 671-5622
Fax  (214) 670-0622
E-mail: Jennifer.Huggard@dallascityhall.com
E-mail: Janice.Moss@dallascityhall.com

_____
Jennifer Carter Huggard


_____
**RYAN EVANS**
Assistant City Manager
**On behalf of the City of Dallas**

## CERTIFICATE OF CONFERENCE

Jennifer Huggard, counsel for Defendant, spoke with Mr. William Dunleavy, counsel for Plaintiff, via telephone regarding this motion.  Plaintiff is not opposed to the relief sought.

_____
Jennifer Carter Huggard

Certificate of Service

This will certify that a true and correct copy of the foregoing instrument was served in accordance with the Texas Rules of Civil Procedure on the 11th day of January, 2008, on:

Mr. William Dunleavy
8140 Walnut Hill Lane
One Glen Lakes
Suite 950
Dallas, Texas 75231

_____
Jennifer Carter Huggard

## **VERIFICATION**

STATE OF TEXAS        §
                      §
COUNTY OF DALLAS      §

BEFORE ME, the Undersigned Notary Public, on this day personally appeared Jennifer Carter Huggard, who being by me duly sworn upon her oath and said that she is the attorney for Defendant City of Dallas, that she has read the above Defendant City of Dallas' Unopposed Motion for Continuance of the Trial Date and that every statement contained therein is based upon her personal knowledge and is true and correct.

_____
JENNIFER CARTER HUGGARD

SUBSCRIBED AND SWORN TO BEFORE ME, on this the __11th__ day of _January_, 2008, to certify which witness my hand and official seal.



ANNETTE K. SLAGLE
Notary Public
State of Texas
My Comm. Expires 10-06-2010

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

## CAUSE NO. DC-06-09743-D

| | | |
|---|---|---|
| STORMY MAGIERA, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | 95th JUDICIAL DISTRICT |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

### ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR A CONTINUANCE OF THE TRIAL SETTING

Before the Court is Defendant City of Dallas' Unopposed Motion for Continuance of the Trial Setting. After reviewing the Motion, the Court is of the opinion that Defendant's Motion is well taken and should be granted. Therefore the Court grants Defendant's Motion for a Continuance of the Trial Setting. The case is now set for a **non-jury trial** on _____ at 9:00 a.m. (the "Initial Trial Setting").

_____
DISTRICT JUDGE PRESIDING

CAUSE NO. DC-06-09743-D

| STORMY MAGIERA, | § | IN THE DISTRICT COURT |
|---|---|---|
| Plaintiff, | § § § | |
| V. | § | 95th JUDICIAL DISTRICT |
| CITY OF DALLAS, TEXAS, | § § § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR A CONTINUANCE OF THE TRIAL SETTING

Before the Court is Defendant City of Dallas' Unopposed Motion for Continuance of the Trial Setting. After reviewing the Motion, the Court is of the opinion that Defendant's Motion is well taken and should be granted. Therefore the Court grants Defendant's Motion for a Continuance of the Trial Setting. The case is now set for a **non-jury trial** on _____ at 9:00 a.m. (the "Initial Trial Setting").

_____
DISTRICT JUDGE PRESIDING

APPROVED AS TO FORM:

_____
William J. Dunleavy, counsel for Plaintiff

## CAUSE NO. DC-06-09743-D

| | | |
|---|---|---|
| STORMY MAGIERA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 95th JUDICIAL DISTRICT |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR A CONTINUANCE OF THE TRIAL SETTING

Before the Court is Defendant City of Dallas' Unopposed Motion for Continuance of the Trial Setting. After reviewing the Motion, the Court is of the opinion that Defendant's Motion is well taken and should be granted. Therefore the Court grants Defendant's Motion for a Continuance of the Trial Setting. The case is now set for a non-jury trial on *the Court's 2 week docket beginning July 7, 2008* ,at ~~9:00~~ 8:30 a.m. (the "Initial Trial Setting").

*January 14, 2008*

_____
DISTRICT JUDGE PRESIDING

✗ *Failure to appear at the trial setting shall result in dismissal of this case for want of prosecution*

*Unless otherwise agreed or objections filed within 30 days, this new setting shall replace the "Initial Trial Setting" for purposes of calculating deadlines.*

## CAUSE NO. DC-06-09743-D

| | | |
|---|---|---|
| STORMY MAGIERA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V, | § | 95th JUDICIAL DISTRICT |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

### ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR A CONTINUANCE OF THE TRIAL SETTING

Before the Court is Defendant City of Dallas' Unopposed Motion for Continuance of the Trial Setting. After reviewing the Motion, the Court is of the opinion that Defendant's Motion is well taken and should be granted. Therefore the Court grants Defendant's Motion for a Continuance of the Trial Setting. The case is now set for a **non-jury trial** on _____ at 9:00 a.m. (the "Initial Trial Setting").

_____

DISTRICT JUDGE PRESIDING

APPROVED AS TO FORM:

_William J. Dunleavy_ counsel for Plaintiff

**MWA REPORTERS**
**6440 N. CENTRAL EXPRESSWAY**
**318 TURLEY LAW CENTER**
**DALLAS, TEXAS 75206**
**214-363-7471**
**FAX 214-363-7760**



FILED
08 JAN 17 AM 1:26
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
_____DEPUTY

DATE: **January 9, 2008**

RE: **DC-06-09743-D**
**MAGIERA VS. DALLAS**

Dear Mr. William Dunleavy,

In accordance with the Texas Rules of Civil Procedure/Federal Rules of Civil Procedure,
I am forwarding to you in regard to the deposition of **Anya Ellen Murphy** taken on
**November 12, 2007**, the following:

_____ Original deposition was returned.
___x___ Original deposition was not returned to me.

Also, please be advised:
_____ Deposition was notarized.
___x___ Deposition was not notarized.
___x___ No changes and/or corrections were noted.
_____ A copy of the correction sheet is attached.

Attached also is the following:

__X__ Certificate Affidavit to be attached to your original or copy.

Please le me know if I may be of further assistance in this matter.

Yours truly,

Melissa Fisher
Office Manager

Enclosure

cc:     District/County Clerk
        Ms. Katherine Wise

a Marion Ward Company

1                    CAUSE NO. DC-06-09743-D    08 JAN 15  AM 1: 26

2   STORMY L. MAGIERA,          )      IN THE DISTRICT COURT
                                )
3                               )
                                )
4       Plaintiff,              )
                                )
5   v.                          )      DALLAS COUNTY, TEXAS
                                )
6                               )
    CITY OF DALLAS, TEXAS,      )
7                               )
                                )
8       Defendant.              )      95TH JUDICIAL DISTRICT

9

10

11

12

13                    **REPORTER'S CERTIFICATE**

14              **ORAL DEPOSITION OF ANYA ELLEN MURPHY**

15                       November 12, 2007

16

17

18

19

20              I, Marion Ward, Certified Shorthand Reporter

21   in and for the State of Texas, hereby certify to the

22   following:

23              That the witness, ANYA ELLEN MURPHY, was

24   duly sworn and that the transcript of the deposition is

25   a true record of the testimony given by the witness;

Oral Deposition – Anya Ellen Murphy
*November 12, 2007*

1    That the deposition transcript was duly

2    submitted on ⎯⎯⎯⎯⎯⎯ to the witness or the

3    attorney for the witness for examination, signature,

4    and return to me by ⎯⎯⎯⎯⎯⎯ .

5        That pursuant to information given to the

6    deposition officer at the time said testimony was

7    taken, the following includes all parties of record and

8    the amount of time used by each party at the time of

9    the deposition:

10

11

12            Mr. William J. Dunleavy (00h40m)
                 Attorney for Plaintiff
13            Ms. Katherine Jane Wise (00h00m)
                 Attorney for Defendant
14

15

16   *FOR PLAINTIFF:*

17       Mr. William J. Dunleavy
         THE LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.
18       8140 Walnut Hill Lane
         One Glen Lakes, Suite 950
19       Dallas, Texas  75231
         (972)247-9200
20

21   *FOR DEFENDANT:*

22       Ms. Katherine Jane Wise
         Assistant District Attorney, City of Dallas
23       1500 Marilla Street
         City Hall
24       Dallas, Texas  75201
         (214)671-9569
25

MWA REPORTERS 214/363-7471

Oral Deposition - Anya Ellen Murphy
*November 12, 2007*

1    That a copy of this certificate was served

2    on all parties shown herein on ___11│20│07___

3    and filed with the Clerk.

4    I further certify that I am neither counsel

5    for, related to, nor employed by any of the parties in

6    the action in which this proceeding was taken, and

7    further that I am not financially or otherwise

8    interested in the outcome of this action.

9    Further certification requirements pursuant

10    to Rule 203 of the Texas Code of Civil Procedure will

11    be complied with after they have occurred.

12    Certified to by me on this 20th day of

13    November, 2007

14

15

16

17    Marion Ward, CSR
      Texas CSR 876, Firm No. 126
18    Expiration:  12/31/08
      MWA Reporters
19    6440 North Central Expressway
      Suite 318
20    Dallas, Texas   75206

21

22

23

24

25

Oral Deposition - Anya Ellen Murphy
*November 12, 2007*

**FURTHER CERTIFICATION UNDER TRCP RULE 203**

1

2

The original deposition was/was not returned

to the deposition officer on 12-21-07                .

If returned, the attached Changes and

Signature page(s) contain(s) any changes and the

reasons therefor.

If returned, the original deposition was

delivered to Mr. William J. Dunleavy, Custodial

Attorney.

$ 285.00 is the deposition officer's charges

to the Plaintiff for preparing the original deposition

transcript and any copies of exhibits.

The deposition was delivered in accordance

with Rule 203.3, and a copy of this certificate, served

on all parties shown herein, was filed with the Clerk.

Certified to by me on this 21st day of

December, 2007.

_____

Marion Ward, CSR
Texas CSR 876, Firm No. 126
Expiration: 12/31/08
MWA Reporters
6440 North Central Expressway
Suite 318
Dallas, Texas 75206

**MWA REPORTERS**
**6440 N. CENTRAL EXPRESSWAY**
**318 TURLEY LAW CENTER**
**DALLAS, TEXAS 75206**
**214-363-7471**
**FAX 214-363-7760**

*FILED*
*08 JAN 16 AM 1:26*
*GARY FITZSIMMONS*
*DISTRICT CLERK*
*DALLAS CO. TEXAS*
*___ DEPUTY*

DATE: **January 9, 2008**

RE: **DC-06-09743-D**
**MAGIERA VS. DALLAS**

Dear Mr. William Dunleavy,

In accordance with the Texas Rules of Civil Procedure/Federal Rules of Civil Procedure, I am forwarding to you in regard to the deposition of **Robert Rolla McCall, Jr.** taken on **November 8, 2007**, the following:

_____ Original deposition was returned.
___x___ Original deposition was not returned to me.

Also, please be advised:
_____ Deposition was notarized.
___x___ Deposition was not notarized.
___x___ No changes and/or corrections were noted.
_____ A copy of the correction sheet is attached.

Attached also is the following:

__X__ Certificate Affidavit to be attached to your original or copy.

Please le me know if I may be of further assistance in this matter.

Yours truly,

Melissa Fisher
Office Manager

Enclosure

cc:     District/County Clerk
        Ms. Katherine Wise

Oral Deposition - Robert Rolla McCall, Jr.
*November 8, 2007*

CAUSE NO. DC-06-09743-D

| | |
|---|---|
| STORMY L. MAGIERA, | IN THE DISTRICT COURT |
| Plaintiff, | |
| v. | DALLAS COUNTY, TEXAS |
| CITY OF DALLAS, TEXAS, | |
| Defendant. | 95TH JUDICIAL DISTRICT |

*FILED*

08 JAN 17 AM 1:26

GARY FITZSIMMONS
DALLAS CO. TEXAS
_____ DEPUTY

**REPORTER'S CERTIFICATE**

**ORAL DEPOSITION OF ROBERT ROLLA McCALL, JR.**

November 8, 2007

I, Marion Ward, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, ROBERT ROLLA McCALL, JR., was duly sworn and that the transcript of the deposition is a true record of the testimony given by the witness;

MWA REPORTERS 214/363-7471

Oral Deposition - Robert Rolla McCall, Jr.
*November 8, 2007*

1           That the deposition transcript was duly

2  submitted on ___11|20|07___ to the witness or the

3  attorney for the witness for examination, signature,

4  and return to me by ___12|12|07___.

5           That pursuant to information given to the

6  deposition officer at the time said testimony was

7  taken, the following includes all parties of record and

8  the amount of time used by each party at the time of

9  the deposition:

10

11

12           Mr. William J. Dunleavy (01h05m)
                Attorney for Plaintiff

13          Ms. Katherine Jane Wise (00h00m)
                Attorney for Defendant

14

15

16  *FOR PLAINTIFF:*

17      Mr. William J. Dunleavy
        THE LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.

18      8140 Walnut Hill Lane
        One Glen Lakes, Suite 950

19      Dallas, Texas  75231
        (972)247-9200

20

21  *FOR DEFENDANT:*

22      Ms. Katherine Jane Wise
        Assistant District Attorney, City of Dallas

23      1500 Marilla Street
        City Hall

24      Dallas, Texas  75201
        (214)671-9569

25

Oral Deposition - Robert Rolla McCall, Jr.
*November 8, 2007*

1    That a copy of this certificate was served

2    on all parties shown herein on 11|20|07

3    and filed with the Clerk.

4    I further certify that I am neither counsel

5    for, related to, nor employed by any of the parties in

6    the action in which this proceeding was taken, and

7    further that I am not financially or otherwise

8    interested in the outcome of this action.

9    Further certification requirements pursuant

10   to Rule 203 of the Texas Code of Civil Procedure will

11   be complied with after they have occurred.

12   Certified to by me on this 20th day of

13   November, 2007.

14

15

16

17   Marion Ward, CSR
     Texas CSR 876, Firm No. 126
18   Expiration:  12/31/08
     MWA Reporters
19   6440 North Central Expressway
     Suite 318
20   Dallas, Texas  75206

21

22

23

24

25

Oral Deposition - Robert Rolla McCall, Jr.
*November 8, 2007*

1    **FURTHER CERTIFICATION UNDER TRCP RULE 203**

2

3         The original deposition was/was not returned

4    to the deposition officer on ___12-21-07___ .

5         If returned, the attached Changes and

6    Signature page(s) contain(s) any changes and the

7    reasons therefor.

8         If returned, the original deposition was

9    delivered to Mr. William J. Dunleavy, Custodial

10   Attorney.

11        $ _352.50_ is the deposition officer's charges

12   to the Plaintiff for preparing the original deposition

13   transcript and any copies of exhibits.

14        The deposition was delivered in accordance

15   with Rule 203.3, and a copy of this certificate, served

16   on all parties shown herein, was filed with the Clerk.

17        Certified to by me on this _21st_ day of

18   _December, 2007_.

19

20

21   _____

22   Marion Ward, CSR
     Texas CSR 876, Firm No. 126
23   Expiration:  12/31/08
     MWA Reporters
24   6440 North Central Expressway
     Suite 318
25   Dallas, Texas  75206

MWA REPORTERS 214/363-7471

**MWA REPORTERS**
**6440 N. CENTRAL EXPRESSWAY**
**318 TURLEY LAW CENTER**
**DALLAS, TEXAS 75206**
**214-363-7471**
**FAX 214-363-7760**

*FILED*
08 JAN 14 AM 1:26
*GARY FITZSIMMONS*
*DISTRICT CLERK*
*DALLAS CO., TEXAS*
_____DEPUTY

DATE: **January 9, 2008**

RE: **DC-06-09743-D**
**MAGIERA VS. DALLAS**

Dear Mr. William Dunleavy,

In accordance with the Texas Rules of Civil Procedure/Federal Rules of Civil Procedure, I am forwarding to you in regard to the deposition of **Deborah Kay White** taken on **November 28, 2007**, the following:

_____ Original deposition was returned.
___x__ Original deposition was not returned to me.

Also, please be advised:
_____ Deposition was notarized.
___x__ Deposition was not notarized.
___x__ No changes and/or corrections were noted.
_____ A copy of the correction sheet is attached.

Attached also is the following:

__X__ Certificate Affidavit to be attached to your original or copy.

Please le me know if I may be of further assistance in this matter.

Yours truly,

Melissa Fisher
Office Manager

Enclosure

cc:     District/County Clerk
        Ms. Katherine Wise

a Marion Ward Company

Oral Deposition - Deborah Kay White
*November 28, 2007*

FILED

1              CAUSE NO. DC-06-09743-D          08 JAN 1 ★ AM 1: 26

2    STORMY L. MAGIERA,          )      IN THE DISTRICT COURT SIMMONS
                                 )                    DISTRICT CLERK
3                                )                    DALLAS CO. TEXAS
          Plaintiff,             )      _____ DEPUTY
4                                )
                                 )
5    v.                          )      DALLAS COUNTY, TEXAS
                                 )
6                                )
     CITY OF DALLAS, TEXAS,      )
7                                )
                                 )
8          Defendant.            )      95TH JUDICIAL DISTRICT

9

10

11

12

13                    **REPORTER'S CERTIFICATE**

14           **ORAL DEPOSITION OF DEBORAH KAY WHITE**

15                       November 28, 2007

16

17

18

19

20           I, Marion Ward, Certified Shorthand Reporter

21    in and for the State of Texas, hereby certify to the

22    following:

23           That the witness, DEBORAH KAY WHITE, was

24    duly sworn and that the transcript of the deposition is

25    a true record of the testimony given by the witness;

MWA REPORTERS 214/363-7471

Oral Deposition - Deborah Kay White
*November 28, 2007*

1       That the deposition transcript was duly

2   submitted on ___12|5|07___ to the witness or the

3   attorney for the witness for examination, signature,

4   and return to me by ___12|26|07___.

5       That pursuant to information given to the

6   deposition officer at the time said testimony was

7   taken, the following includes all parties of record and

8   the amount of time used by each party at the time of

9   the deposition:

10

11

12              Mr. William J. Dunleavy (01h05m)
                    Attorney for Plaintiff
13              Ms. Katherine Jane Wise (00h00m)
                    Attorney for Defendant
14

15

16  *FOR PLAINTIFF:*

17          Mr. William J. Dunleavy
            THE LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.
18          8140 Walnut Hill Lane
            One Glen Lakes, Suite 950
19          Dallas, Texas  75231
            (972)247-9200
20

21  *FOR DEFENDANT:*

22          Ms. Katherine Jane Wise
            Assistant District Attorney, City of Dallas
23          1500 Marilla Street
            City Hall
24          Dallas, Texas  75201
            (214)671-9569
25

MWA REPORTERS 214/363-7471

Oral Deposition - Deborah Kay White
*November 28, 2007*

1      That a copy of this certificate was served

2   on all parties shown herein on 12|5|07

3   and filed with the Clerk.

4      I further certify that I am neither counsel

5   for, related to, nor employed by any of the parties in

6   the action in which this proceeding was taken, and

7   further that I am not financially or otherwise

8   interested in the outcome of this action.

9      Further certification requirements pursuant

10  to Rule 203 of the Texas Code of Civil Procedure will

11  be complied with after they have occurred.

12      Certified to by me on this 5th day of

13  December 2007.

14

15

16

17      Marion Ward, CSR

18      Texas CSR 876, Firm No. 126
        Expiration:  12/31/08

19      MWA Reporters
        6440 North Central Expressway

20      Suite 318
        Dallas, Texas  75206

21

22

23

24

25

**FURTHER CERTIFICATION UNDER TRCP RULE 203**

The original deposition was/was not returned to the deposition officer on ___1-9-08___.

If returned, the attached Changes and Signature page(s) contain(s) any changes and the reasons therefor.

If returned, the original deposition was delivered to Mr. William J. Dunleavy, Custodial Attorney.

$352.50 is the deposition officer's charges to the Plaintiff for preparing the original deposition transcript and any copies of exhibits.

The deposition was delivered in accordance with Rule 203.3, and a copy of this certificate, served on all parties shown herein, was filed with the Clerk.

Certified to by me on this ___9th___ day of ___January___, ___2008___.


_____
Marion Ward, CSR
Texas CSR 876, Firm No. 126
Expiration:  12/31/08
MWA Reporters
6440 North Central Expressway
Suite 318
Dallas, Texas  75206

**MWA REPORTERS**
**6440 N. CENTRAL EXPRESSWAY**
**318 TURLEY LAW CENTER**
**DALLAS, TEXAS 75206**
**214-363-7471**
**FAX 214-363-7760**



DATE: **January 9, 2008**

RE: **DC-06-09743-D**
**MAGIERA VS. DALLAS**

Dear Mr. William Dunleavy,

In accordance with the Texas Rules of Civil Procedure/Federal Rules of Civil Procedure,
I am forwarding to you in regard to the deposition of **Randy Sundquist** taken on
**November 28, 2007**, the following:

_____   Original deposition was returned.
___x__   Original deposition was not returned to me.

Also, please be advised:
_____   Deposition was notarized.
___x__   Deposition was not notarized.
___x__   No changes and/or corrections were noted.
_____   A copy of the correction sheet is attached.

Attached also is the following:

__X__   Certificate Affidavit to be attached to your original or copy.

Please le me know if I may be of further assistance in this matter.

Yours truly,

Melissa Fisher
Office Manager

Enclosure

cc:   District/County Clerk
      Ms. Katherine Wise

a Marion Ward Company

Oral Deposition - Randy Sundquist
*November 28, 2007*

1                    CAUSE NO. DC-06-09743-D      08 JAN 17 AM 1:26

2   STORMY L. MAGIERA,            )      IN THE DISTRICT COURT
                                  )                        GARY FITZSIMMONS
3                                 )                        DISTRICT CLERK
                                  )                        DALLAS CO., TEXAS
4         Plaintiff,              )      _Natasha Coop_____DEPUTY
                                  )
5   v.                            )      DALLAS COUNTY, TEXAS
                                  )
6                                 )
    CITY OF DALLAS, TEXAS,        )
7                                 )
                                  )
8         Defendant.              )      95TH JUDICIAL DISTRICT

9

10

11

12

13                    **REPORTER'S CERTIFICATE**

14          **ORAL DEPOSITION OF RANDY SUNDQUIST**

15                     November 28, 2007

16

17

18

19

20          I, Marion Ward, Certified Shorthand Reporter

21   in and for the State of Texas, hereby certify to the

22   following:

23          That the witness, RANDY SUNDQUIST, was duly

24   sworn and that the transcript of the deposition is a

25   true record of the testimony given by the witness;

---

MWA REPORTERS 214/363-7471

Oral Deposition - Randy Sundquist
*November 28, 2007*

1   That the deposition transcript was duly

2   submitted on ___12|5|07___ to the witness or the

3   attorney for the witness for examination, signature,

4   and return to me by ___12|26|07___ .

5        That pursuant to information given to the

6   deposition officer at the time said testimony was

7   taken, the following includes all parties of record and

8   the amount of time used by each party at the time of

9   the deposition:

10

11

12          Mr. William J. Dunleavy (00h50m)
                 Attorney for Plaintiff
13          Ms. Katherine Jane Wise (00h00m)
                 Attorney for Defendant
14

15

16  *FOR PLAINTIFF:*

17          Mr. William J. Dunleavy
            THE LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.
18          8140 Walnut Hill Lane
            One Glen Lakes, Suite 950
19          Dallas, Texas  75231
            (972)247-9200
20

21  *FOR DEFENDANT:*

22          Ms. Katherine Jane Wise
            Assistant District Attorney, City of Dallas
23          1500 Marilla Street
            City Hall
24          Dallas, Texas  75201
            (214)671-9569
25

MWA REPORTERS 214/363-7471

Oral Deposition - Randy Sundquist
*November 28, 2007*

1   That a copy of this certificate was served

2   on all parties shown herein on ␣␣12/5/07␣␣

3   and filed with the Clerk.

4   I further certify that I am neither counsel

5   for, related to, nor employed by any of the parties in

6   the action in which this proceeding was taken, and

7   further that I am not financially or otherwise

8   interested in the outcome of this action.

9   Further certification requirements pursuant

10  to Rule 203 of the Texas Code of Civil Procedure will

11  be complied with after they have occurred.

12  Certified to by me on this 5th day of

13  December, 2007.

14

15

16

17  Marion Ward, CSR
    Texas CSR 876, Firm No. 126
18  Expiration:  12/31/08
    MWA Reporters
19  6440 North Central Expressway
    Suite 318
20  Dallas, Texas  75206

21

22

23

24

25

Oral Deposition - Randy Sundquist
*November 28, 2007*

1    **FURTHER CERTIFICATION UNDER TRCP RULE 203**

2

3            The original deposition was/was not returned

4    to the deposition officer on ___1-9-08___.

5            If returned, the attached Changes and

6    Signature page(s) contain(s) any changes and the

7    reasons therefor.

8            If returned, the original deposition was

9    delivered to Mr. William J. Dunleavy, Custodial

10   Attorney.

11           $276.00 is the deposition officer's charges

12   to the Plaintiff for preparing the original deposition

13   transcript and any copies of exhibits.

14           The deposition was delivered in accordance

15   with Rule 203.3, and a copy of this certificate, served

16   on all parties shown herein, was filed with the Clerk.

17           Certified to by me on this 9th day of

18   January, 2008.

19

20

21           Mward

22           Marion Ward, CSR
             Texas CSR 876, Firm No. 126
23           Expiration: 12/31/08
             MWA Reporters
24           6440 North Central Expressway
             Suite 318
25           Dallas, Texas  75206

MWA REPORTERS 214/363-7471