IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STORMY MAGIERA, | § | |
| Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO. 3:08-CV-1023-G |
| CITY OF DALLAS, | § § § | |
| Defendant. | § | |

DEFENDANT CITY OF DALLAS'
MOTION FOR ATTORNEY'S FEES AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The City of Dallas ("City"), files this motion pursuant to F.R.C.P. 54(d)(2) and 42 U.S.C. § 1988 and the Judgment dated May 17, 2011, for an award of attorney's fees against Plaintiff Stormy Magiera ("Magiera").

I.   Attorney's Fees are Recoverable

   a.   Legal Standard for an award of attorney's fees.

In cases brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, a prevailing party may move for recovery of attorney's fees, pursuant to 42 U.S.C. §1988.

The U.S. Supreme Court has held that the discretion allowed in making a determination of whether to award attorney's fees to the prevailing party is not without its limit, because "the prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Blanchard v. Bergeron*, 489 U.S. 87, 89, 109 S.Ct. 939, 942, 103 L.Ed.2d 67 (1989), citing *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968).

A prevailing defendant should only be awarded attorney's fees if the underlying claims

are found to be frivolous, unreasonable or groundless. *Jones v. Texas Tech,* 656 F.2d 1137, 1145 (5th Cir. 1983). Factors to consider in determining whether a plaintiff's case is frivolous include: 1) whether plaintiff established a prima facie case; 2) whether the defendant offered to settle; and 3) whether the district court dismissed the case or held a full-blown trial. *U.S. v. State of Miss.,* 921 F.2d 604, 609 (5th Cir. 1991).

      **b.**      **Plaintiff failed to establish a prima facie case of retaliation.**

The majority of Magiera's claims were dismissed on summary judgment, the dismissal of which was affirmed on appeal. For the only remaining claim, the jury determined that Magiera did not suffer an adverse employment action when she was removed from being a Field Training Officer. (*see* Doc. #118). The question of whether an act taken against a plaintiff is an adverse employment action is part of the prima facie case burden of proof. Because the jury found that Magiera did not suffer an adverse employment action, she failed to establish a prima facie case of retaliation. This factor weighs favorably for the City being awarded its attorney's fees.

      **c.**      **Lack of settlement value.**

The parties attended mediation twice, both times as a result of Court Order. Before the case was removed to federal court, the City asked the Court to vacate the requirement of mediation, relief that was unopposed by the Plaintiff. The reason stated by the City was that due to the nature of the claims made, the City would not be offering any monetary settlement. (*see* App. 1-3). Instead of granting the motion, the Court ordered the parties to participate in "settlement week." (*see* App. 4).

The second Order to mediation was entered on December 2, 2008 (*see* Doc. #17), ordering the parties to mediation with Maxel (Bud) Silverberg. Meeting with the spirit of that order, the City attended the mediation in good faith and made a reasonable offer (which was at

the level of "nuisance" value) in light of the extremely low risk associated with trying the case. (App. 5, 17-19). Defendant City of Dallas has established this element of its right to an award of attorney's fees. See *Strain v. Kaufman Cty. District Attorney's Office*, 23 F.Supp.2d 698, 701 (N.D. Tex. 1998), in which Senior Judge Bilby entered an award of attorney's fees for government defendants who viewed the case as completely defensible and made no offers to settle other than for nuisance value.

### d. Entire case not fully tried on the merits.

A significant portion of Magiera's case was dismissed on summary judgment in June 2009, the appeal of which was affirmed by the Fifth Circuit Court of Appeals. (*see* Doc. #76). The only claim that was tried by a jury was for retaliation pursuant to Title VII regarding Magiera's claim that she was retaliated against when removed from Field Training Officer duties. This factor weighs in favor of an award of attorney's fees for Defendant.

These three factors weigh heavily in favor of the City in its request for an award of attorney's fees. In addition, some of Magiera's claims were lacking in merit from inception. Despite the factual allegations, there were a number of matters pleaded by Magiera which had absolutely no basis in the law. These claims include Magiera's claim for deprivation of alleged property rights in employment without due course of law or due process; and claims for violation of the Texas Constitution. Magiera also claimed an entitlement to future lost wages, which based upon the facts, is completely untenable under Title VII. At the time of trial, Magiera was gainfully employed by the City of Dallas. Under Title VII, an award of future lost wages, or front pay, can only be considered if reinstatement is infeasible. Because Magiera is employed, reinstatement is irrelevant. Therefore, any claim for front pay is untenable. (App. 5, 18-19).

Magiera also pursued a claim for sexual harassment under Title VII and the Texas Labor

Code. Based upon the events of May 22, 2005, as explained in its Summary Judgment Brief, the claim of sexual harassment was baseless as a matter of law. However, Magiera pursued the baseless claim for approximately two years, taking nearly twenty depositions prior to the City's filing of its summary judgment motion. (App. 5, 18-19). It was only when Magiera responded to the Summary Judgment Motion in the fall of 2008 that she first asserted her abandonment of that claim. (App. 5, 18-19).

For the foregoing reasons, the City has established its entitlement to an award of reasonable and necessary attorney's fees.

## II.     Attorney's Fees for the Defense Were Reasonable and Necessary

### a.     Legal Standard for reasonableness of attorney's fees award.

The award of attorney's fees to a prevailing defendant in a civil rights case is a matter of the trial court's discretion. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). The guidelines to be used in determining the reasonableness of the fees are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee for similar work in the community; 6) whether the fee is fixed or contingent; 7) the time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases. *Id.*, supra at pages 717-719.

### b.     Application of legal standard to this case.

As evidenced in the Affidavit of Jennifer Carter Huggard contained in the appendix to this motion, Defendant incurred reasonable and necessary attorneys' fees in the amount of

$63,750.00.  (App. 5-19).

The following factors apply most readily in this case, which will be discussed in turn.

### 1) The time and labor required.

Plaintiff's shotgun approach to the lawsuit caused the city to defend claims of: (1) gender discrimination; (2) sexual harassment; (3) retaliation under Title VII and the Texas Labor Code; (4) violation of property interests in employment and due process; and (5) violation of the state constitution.  Each claim had to be analyzed from the legal perspective and investigated and discovered factually.

In addition to the usual fact finding and investigatory work and research associated with litigation, Plaintiff caused Defendant to defend more than twenty depositions, and produce over 6000 pages of records.

Defendant likewise was forced to incur significant legal fees creating legal analysis and argument regarding claims pled by Plaintiff but which had absolutely no basis in law.  For example, Magiera plead untenable claims for deprivation of alleged property rights in employment without due course of law or due process; and claims for violation of the Texas Constitution.  Magiera also claimed an entitlement to future lost wages, which based upon the facts, is completely untenable under Title VII.  At the time of trial, Magiera was gainfully employed by the City of Dallas.  Under Title VII, an award of future lost wages, or front pay, can only be considered if reinstatement is infeasible.  Because Magiera is employed, reinstatement is irrelevant. Therefore, any claim for front pay is untenable. (App. 5, 18-19).

### 2) The novelty and difficulty of the questions.

While a number of the issues in this case were routine for an employment claim, there were a number of complex matters in the development of the case and preparation for trial which

required more than the normal amount of attention.

### 3) The customary fee for similar work in the community, the amount involved and the results obtained.

The $250.00 hourly rate for recovery of attorney's fees in this case is on the lower end of the prevailing rate in the community. The amounts are reasonable based upon the length of time of representation and the total number of hours worked. Reasonableness is also shown because the jury rendered verdict in the City's favor following approximately twenty minutes of deliberation. (App. 5, 19).

### 4) The experience, reputation, and ability of the attorneys.

As stated in the Affidavit of Jennifer Carter Huggard, Ms. Huggard is an attorney licensed by the Supreme Court of Texas to practice law in Texas. She has practiced law since 1995. She is admitted to practice in the United States District Courts in the Northern and Eastern Districts of Texas. She regularly handles cases in the Northern District and state district court. She is admitted to practice before the United States Court of Appeals for the Fifth Circuit. She is Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization (App. 5, 16-17, 19). Ms. Huggard is a Senior Assistant City Attorney for the City of Dallas, employed since December 2007.

Before that, Ms. Huggard was an associate with the law firm of Maris & Lanier, P.C., practicing employment law litigation since May 1997. The bulk of Ms. Huggard's employment law litigation practice has been defending municipalities, almost exclusively devoted to the litigation of employment-related claims brought pursuant to both state and federal law. (App. 5, 16-17, 19). She has experience litigating claims under virtually all of the federal and state civil

rights statutes pertaining to discrimination, family and medical leave rights, and constitutional civil rights, especially in the area of government employment. Ms. Huggard has been counsel in numerous cases in the Northern District of Texas federal courts and in the state district courts, some of which were dismissed on summary judgment, settled or tried. She has briefed and/or argued cases on appeal to the Fifth Circuit and to various state appeals courts. (app. 1, 16-17, 19).

Co-counsel Amy I. Messer is likewise licensed to practice law in the State of Texas (since 1994) and is admitted to practice before the United States District Court, Northern District of Texas. She has significant experience in municipal litigation for the City of Dallas and was the former Chief of the Municipal Court Prosecution Division of the City Attorney's Office. Since joining the Employment Law Section in 2008, Ms. Messer has successfully defended four federal jury trials. (App. 1, 16-17, 19).

Based upon the experience of the attorneys handling the defense of this case, an hourly rate of $250 is more than reasonable.

### c. Fees Incurred for the Preparation of This Motion.

The City is entitled to recover a reasonable fee for the time spent in preparing its motion for attorney's fees. Here, not less than 5.00 hours have been expended in compiling the data required, and in preparing the motion, supporting affidavit, and proposed order. (App. 1, 15, 19). Therefore, the City of Dallas requests that it have judgment for $1,250.00 for the legal services performed on the City's behalf. The total of hours expended is 5.00, at an hourly rate of $250 per hour. (App. 1, 15, 19).

### d. Billing Judgment Issues

A party seeking attorney's fees generally must show an exercise of billing judgment in order for the Court to determine the number of hours that were reasonably expended on the case.

*Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir.2002), citing *Walker v. HUD*, 99 F.3d 761, 769 (5th Cir.1996). Billing judgment is "usually shown by the attorney writing off unproductive, excessive, or redundant hours." *Id.* If billing judgment is not exercised, the court may reduce the number of hours awarded by a percentage. *Wright v. Blythe-Nelson*, No. 3:99cv2522-D, 2004 WL 2870082, *5 (N.D. Tex. Dec. 13, 2004). In the alternative, the Court may analyze the bills presented line-by-line to determine if any of the bills should not be awarded. *Green*, 284 F.3d at 662.

Here, the table attached to the Affidavit of Jennifer Carter Huggard annotates the amount of time expended as recorded in contemporaneous computerized billing records and, immediately below in boldface, the time for which an award of fees is sought. (App. 1, 6-16, 19). Arguably redundant expenditures of time have been reduced to zero amounts or the amount of time reduced accordingly. The City has adequately demonstrated billing judgment.

### III.   CONCLUSION

The City has demonstrated that Magiera pursued claims against it that were frivolous, unreasonable, or groundless from the inception of this litigation, or that Magiera continued to litigate those claims after they clearly became so. Pursuant to 42 U.S.C. § 1988, the City should have judgment against Magiera in the total amount of $63,750.00. for the City's attorney's fees incurred in connection with the litigation of Magiera's patently unwarranted claims.

WHEREFORE, Defendant, the City of Dallas, requests the Court to enter an order granting it attorney's fees as requested herein, and for all other relief to which it is entitled that is consistent with this motion.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS


/s Jennifer Carter Huggard
JENNIFER CARTER HUGGARD
Assistant City Attorney
Texas State Bar No. 00792998
Jennifer.Huggard@dallascityhall.com
AMY I. MESSER
Assistant City Attorney
Texas State Bar No. 00790705
Amy.Messer@dallascityhall.com
JANICE S. MOSS
Assistant City Attorney
Texas State Bar No. 14586050
Janice.Moss@dallascityhall.com
City Hall 7CN
1500 Marilla Street
Dallas, Texas  75201
Tel.  (214) 670-5622
Fax  (214) 670-0622

**ATTORNEYS FOR DEFENDANT
CITY OF DALLAS**

## CERTIFICATE OF CONFERENCE

I certify that on May 26, 2011, I conferred with Plaintiff's counsel regarding the merits of this motion.  Plaintiff *opposes* the relief sought in this motion.

/s Jennifer Carter Huggard
Assistant City Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on May 31, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

William J. Dunleavy
Law Offices of William J. Dunleavy, P.C.
8140 Walnut Hill Lane
One Glen Lakes, Suite 950
Dallas, Texas 75231
**ECF**

                                      **/s Jennifer Carter Huggard**
                                      JENNIFER CARTER HUGGARD