ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 18 2011

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STORMY MAGIERA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1023-G |
| | § | |
| CITY OF DALLAS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Defendant the City of Dallas has filed a motion for $63,750.00 in attorney's fees as the prevailing party in this gender discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Texas Commission on Human Rights Act of 1983 ("TCHRA"), Tex. Lab. Code Ann. § 21.001 *et seq.* In her most recent complaint, plaintiff, a Dallas police officer, alleged that she was sexually harassed at work, denied substantive due process, and retaliated against for filing a complaint with Internal Affairs and a charge of discrimination with the EEOC. All claims were dismissed by the district court on summary judgment. *Magiera v. City of Dallas*, No. 3-08-CV-1023-G, 2009 WL 1576469 (N.D. Tex. Jun. 5, 2009).[1] The Fifth Circuit affirmed the dismissal of all but one of plaintiff's claims -- that she was denied the opportunity to work as a field training officer ("FTO") because she complained of sexual harassment. *Magiera v. City of Dallas*, 389 Fed.Appx. 433, 2010 WL 3168211 (5th Cir. Aug. 11,

---

[1] The district court determined that any harassment experienced by plaintiff was not so severe and pervasive as to alter the conditions of her employment, that defendant did not arbitrarily or capriciously deprive plaintiff of a property interest in her employment, and that none of the retaliatory actions alleged by plaintiff were "materially adverse" to her. *See Magiera*, 2009 WL 1576469 at *4-6.

2010). That claim was tried to a jury on May 11-13, 2011. At the conclusion of the trial, the jury found that plaintiff did not suffer a "materially adverse employment action" when she was removed from her FTO duties. The court entered a judgment on the verdict and taxed costs against plaintiff. Defendant now seeks attorney's fees pursuant to 42 U.S.C. § 1988. The motion has been fully briefed by the parties and is ripe for determination.

A district court has discretion to award reasonable attorney's fees to a prevailing defendant in a Title VII case if it determines that the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). To determine whether a suit is frivolous, the court must ask whether "the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover v. Hattiesburg Public School Dist.*, 549 F.3d 985, 997-98 (5th Cir. 2008), *quoting Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981). Here, defendant contends that plaintiff's suit was frivolous because the majority of her claims were dismissed on summary judgment and the dismissal was affirmed on appeal. (*See* Def. Mot. at 2-3). With respect to plaintiff's sole remaining claim -- that she was denied the opportunity to work as an FTO -- defendant argues that plaintiff failed to establish a *prima facie* case of retaliation because the jury found that she did not suffer a "materially adverse employment action." (*See id.* at 2). However, the mere fact that most of plaintiff's claims were dismissed on summary judgment does not warrant an award of fees. *See, e.g. Martin v. El Nell Inc.*, No. 3-03-CV-2209-D, 2005 WL 2148651 at *6-7 (N.D. Tex. Sept. 7, 2005); *Ricketts v. Champion Chevrolet*, No. C-04-242, 2005 WL 1924372 at *9 (S.D. Tex. Aug. 11, 2005). Likewise, the fact that plaintiff failed to establish a *prima facie* case of retaliation at trial does not necessarily mean that her claim was frivolous. *See Gordon v. Hercules, Inc.*, 715 F.Supp. 1033, 1033-34 (D. Kan. 1989)

(plaintiff's failure to establish *prima facie* case of discrimination did not entitle prevailing defendant to attorney's fees). Instead, a claim is considered frivolous where there is no evidence to support it. *See Harris v. Plastics Manufacturing Co.*, 617 F.2d 438, 440 (5th Cir. 1980); *Butler v. MBNA Technology, Inc.*, No. 3-02-CV-1715-H, 2004 WL 389101 at *3 (N.D. Tex. Mar. 1, 2004). In this case, there was at least some evidence to support plaintiff's claim that she was denied the opportunity to work as an FTO because she complained of sexual harassment. *See Magiera*, 2010 WL 3168211 at *3-4. A defense verdict on that claim "simply means that the jury unanimously concluded that the weight of the evidence was not in [plaintiff's] favor." *Stover*, 549 F.3d at 998.

Nor is an award of attorney's fees justified merely because defendant offered to settle the case only for nuisance value "in light of the extremely low risk associated with trying the case." (Def. Mot. at 3). As the Fifth Circuit has noted, "[w]hether a municipality offers to settle simply seems less indicative of the weakness of a plaintiff's case than whether a private employer offers to settle." *Myers v. City of West Monroe*, 211 F.3d 289, 292 n. 3 (5th Cir. 2000); *see also Paradigm Media Group, Inc. v. City of Irving*, No. 3-01-CV-612-R, 2003 WL 79348 at *4 (N.D. Tex. Jan. 7, 2003). That defendant made no meaningful settlement offer does little to justify an award of attorney's fees.

## RECOMMENDATION

The court is unable to conclude that plaintiff's claims were "frivolous, unreasonable, or without foundation." Accordingly, defendants' motion for attorney's fees [Doc. #125] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE